UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MELVIN ANDREWS, ET AL.                          CIVIL ACTION

VERSUS                                          NO. 24-560-JWD-RLB

NEXION HEALTH MANAGEMENT,
INC., ET AL.

## ORDER

Before the Court is Plaintiffs' Motion to Compel Sufficient Responses to Requests for Admission and Interrogatories ("Motion to Compel"). (R. Doc. 43). The motion is opposed. (R. Doc. 50). Plaintiffs filed a Reply Memorandum. (R. Doc. 53).

Also before the Court is Plaintiffs' Motion to Compel Sufficient Responses to Requests for Production of Documents ("Motion to Compel"). (R. Doc. 44). The motion is also opposed. (R. Doc. 54). Plaintiffs filed a Reply Memorandum. (R. Doc. 63).

Also before the Court is Plaintiffs' Motion to Expedite (R. Doc. 66) the Court's resolution of their Motions to Compel (R. Doc. 43; R. Doc. 44). The motion is not opposed.

## I.    Background

On or about May 30, 2024, Melvin Andrews, Monique King, Felix Rice, Jr., and Patricia Rice ("Plaintiffs"), as the surviving children of the deceased, Felix Rice, initiated this action by filing a Petition for Damages in State Court, naming Nexion Health Management, Inc. ("Nexion Management") and Nexion Health at Minden, Inc. d/b/a Meadowview Health & Rehab Center ("Nexion Health") (collectively, "Defendants") as defendants in an action raising an administrative negligence claim against Nexion Management and an intentional fraud claim against Defendants. (R. Doc. 1-1).

1

The Defendants removed the action on July 11, 2024, asserting this Court can properly exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332. (R. Doc. 1). Defendants then filed a motion to dismiss. (R. Doc. 4). In support of their motion to dismiss, Defendants argued, in part, that Plaintiffs' claims were premature as the case had not yet been submitted to a medical review panel in accordance with the Louisiana Medical Malpractice Act ("LMMA"). (R. Doc. 4-1 at 4). The Court denied the motion to dismiss as to the administrative negligence claim on the grounds that Nexion Management was not a qualified healthcare provider at the time Mr. Rice's stay at the Meadowview Health & Rehab Center ("Meadowview") began. (R. Doc. 23 at 6-7). Additionally, the Court denied the motion to dismiss as to the fraud claims on the grounds that Plaintiffs' fraud claims fall under the intentional tort exception to the LMMA. (R. Doc. 23 at 10).

### A.    Factual Allegations

In the Petition for Damages, Plaintiffs allege that Mr. Rice was a nursing home resident at Meadowview from February 2020 until his death on July 28, 2023. (R. Doc. 1-1 at 6). While at Meadowview, Mr. Rice allegedly suffered injuries and indignities, including, but not limited to, avoidable pressure injuries, due to the lack of a sufficient amount of nursing service personnel at Meadowview. (R. Doc. 1-1 at 6.) Plaintiffs allege that the injuries Mr. Rice developed while a resident at Meadowview hastened his demise and caused or substantially contributed to his death. (R. Doc. 1-1 at 7).

### B.    Discovery Disputes

The instant Motions to Compel were filed on March 17, 2026 and March 18, 2026, respectively, against Nexion Health. (R. Docs. 43 and 44).

Plaintiffs seek supplemental responses to their First Requests for Admission and First Set of Interrogatories to Nexion Health at Minden, Inc. served on December 7, 2025. (R. Doc. 43-2

at 2). Specifically, Plaintiffs seek supplemental responses to Request for Admission Nos. 2, 7, and 17-19 (R. Doc. 43-2 at 5); supplemental responses to Interrogatory Nos. 1-9, 11, 13-16, and 18-19. (R. Doc. 43-2 at 8); and supplemental responses without objections to Requests for Production Nos. 1-8, 11-17, and 23-27 (R. Doc. 49).[1] Plaintiffs also seek a supplemental response to Request for Production No. 15 attached as Exhibit 2 to the Notice of Federal Rule of Civil Procedure 30(b)(6) Deposition of Nexion Health at Minden, Inc. (R. Doc. 49 at 25-26).

## II.    Law and Analysis

### A.    Legal Standards

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

The court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). "The court may, for good cause, issue an order to protect a party or person from

---

[1] Plaintiffs have withdrawn their requests with regard to Interrogatory No. 1 (R. Doc. 53 at 3) and Requests for Production Nos. 3, 5, 8, 13, and 16 (R. Doc. 63 at 1).

3

annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the

burden "to show the necessity of its issuance, which contemplates a particular and specific

demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra

Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323,

1326 n.3 (5th Cir. 1978)).

Rule 36(a)(1) of the Federal Rules of Civil Procedure provides that a party may serve

written requests for admission pertaining to the truth of any matters within the scope of Rule

26(b)(1) relating to "facts, the application of law to fact, or opinions about either; and the

genuineness of any described documents." Fed. R. Civ. P. 36(a)(1)(A)-(B). "If a matter is not

admitted, the answer must specifically deny it or state in detail why the answering party cannot

truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when

good faith requires that a party qualify an answer or deny only a part of a matter, the answer

must specify the part admitted and qualify or deny the rest." Fed. R. Civ. P. 36(a)(4).

The denial of a request for admission "as written" without further explanation is evasive.

*Janko v. Fresh Market, Inc.*, No. 15-cv-, 2015 WL 4714928, at *2 (M.D. La. Aug. 5, 2015). A

party may file a motion with the court to determine the sufficiency of an answer or objection to

its requests for admission. Fed. R. Civ. P. 36(a)(6). Unless the court finds a party's objections

justified, it must order that the party respond to the requests for admission. *Id*. On finding that an

answer does not comply with this rule, the court may order either that the matter is admitted or

that an amended answer be served. *Id*.

Rule 33 of the Federal Rules of Civil Procedure provides for the service of written

interrogatories. A party seeking discovery under Rule 33 may serve interrogatories on any other

party, and the interrogatory "may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). "If the answer to an interrogatory may be determined by examining ... a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by: (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries." Fed. R. Civ. P. 33(d).

Rule 34 of the Federal Rules of Civil Procedure provides for the discovery of documents and tangible items. A party seeking discovery must serve a request for production on the party believed to be in possession, custody, or control of the documents or other evidence. Fed. R. Civ. P. 34(a). The request is to be in writing and must set forth, among other things, the desired items with "reasonable particularity." Fed. R. Civ. P. 34(b)(1)(A).

If a party fails to provide initial disclosures or fully respond to discovery requests, the party seeking discovery may move to compel disclosures and responses and appropriate sanctions under Rule 37. An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

## B.      Plaintiffs' Motion to Compel (R. Doc. 43)

### i.      Requests for Admission Nos. 2 and 7

Request for Admission No. 2 requests Nexion Health admit that their assessment of Mr. Rice prior to June 12, 2023 did not lead Nexion Health to conclude that Mr. Rice had developed a pressure injury on his sacrum. (R. Doc. 43-4 at 2). Request for Admission No. 7 requests Nexion Health admit that their assessment of Mr. Rice as of July 3, 2023 led Nexion Health to

5

conclude that Mr. Rice was suffering from a stage 3 pressure injury on his sacrum. (R. Doc. 43-4 at 4). Nexion Health objected to these requests as the information is accessible to Plaintiffs in Mr. Rice's Meadowview medical records. (R. Doc. 43-4 at 2, 5). Additionally, Nexion Health admitted that on or about July 3, 2023, Meadowview staff documented the presence of a sacral pressure ulcer. (R. Doc. 43-4 at 5).

Plaintiffs contend the responses by Nexion Health stating "denied as written" are insufficient as these requests are regarding facts relating to Nexion Health's actions (or inactions) taken to address Mr. Rice's pressure injury. (R. Doc. 43-2 at 6-8). Nexion Health contends that Requests for Admission Nos. 2 and 7 require Nexion Health to interpret their own records regarding the care and treatment of Mr. Rice, which Nexion Health suggests is improper. (R. Doc. 50 at 5). Plaintiffs stated that the requests do not seek an opinion or conclusions of law; rather, the requests seek to winnow down factual issues prior to trial because the answers cannot be determined based upon a mere review of Mr. Rice's medical records. (R. Doc. 53 at 2).

Whether Nexion Health's assessments showed a pressure injury to Mr. Rice's sacrum does not require an interpretation of Mr. Rice's medical chart. Pursuant to Rule 36(a), requests for admission can seek information on "facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a)(1)(A). Whether Nexion Health's assessment of Mr. Rice led Nexion Health to conclude there was/was not a pressure injury on Mr. Rice's sacrum as of July 3, 2023 is a fact of the case; this is based on Nexion Health's own assessment. As such, this Court will order Nexion Health to supplement its response to Requests for Admission Nos. 2 and 7 by stating whether Nexion Health determined Mr. Rice had a pressure injury on his sacrum as of July 3, 2023.

6

### ii.    Requests for Admission Nos. 17 and 18

Request for Admission No. 17 requests Nexion Health to admit that they provided a copy of the statement of the rights of residents to Mr. Rice and his sponsor upon or before Mr. Rice's admission as a resident to Meadowview consistent with the requirements of La. R.S. 40:2010.8(C). (R. Doc. 43-4 at 9). Nexion Health objected to Request for Admission No. 17 on the basis that it seeks information more easily or equally accessible to Plaintiff, concerns issues not presently before the Court, and is not relevant nor proportionate to the needs of the case. (R. Doc. 43-4 at 9-10).

Request for Admission No. 18 requests Nexion Health to admit that the statement of the rights of residents provided to Mr. Rice and his sponsor upon or before Mr. Rice's admission as a resident to Meadowview consistent with the requirements of La. R.S. 40:2010.8(C) was intended by Nexion Health to be relied upon by Mr. Rice and his sponsor. (R. Doc. 43-4 at 10). Defendants objected to Request for Admission No. 18 on the basis that it seeks information more easily or equally accessible to Plaintiff as it seeks the mental impressions of Plaintiffs, a legal conclusion to be decided by the Court, and is not relevant nor proportionate to the needs of the case. (R. Doc. 43-4 at 10).

Plaintiffs contend these requests seek Nexion Health to admit facts relating to Plaintiffs' understaffing and fraud allegations, including the nature and substance of Nexion Health's knowing concealments and misrepresentations made to Plaintiffs and Mr. Rice in the admissions process. (R. Doc. 43-2 at 6). Nexion Health contends that Requests for Admission Nos. 17 and 18 request a legal conclusion, asking Nexion Health to confirm whether it complied with the law. (R. Doc. 50 at 6-7).

7

Plaintiffs, however, contend that Request for Admission No. 17 asks Nexion Health to admit a copy of the statement of rights was provided to Mr. Rice and his sponsor upon or before Mr. Rice's admission to Meadowview, as required by La. R.S. 40:2010.8. (R. Doc. 53 at 2). Plaintiffs state this is not a legal conclusion but rather requests an admission of fact. (R. Doc. 53 at 2). Similarly, Plaintiffs contend Request for Production No. 18 asks Nexion Health to admit it intended Mr. Rice and his sponsor to rely upon the statement of rights provided, which is an admission of fact directly related to Plaintiffs' fraud allegations, not a legal conclusion. (R. Doc. 53 at 3).

"[R]equests for admissions are properly used for facts or facts as applied to law, not pure legal conclusions...." *In re Katrina Canal Breaches*, No. 05-4182, 2007 WL 1852184, at *1 (E.D. La. June 27, 2007) (*quoting Warnecke v. Scott*, 79 F'Appx. 5, 6 (5th Cir. 2003)). "In addition, any legally-related requests must provide specific facts and circumstances of the case, thereby connecting the legal proposition to that particular case." *Humphrey v. LeBlanc*, No. CV 20-233-JWD-SDJ, 2021 WL 5234962, at *3 (M.D. La. Nov. 9, 2021) (citing *Dauphine v. REC Marine Logistics, LLC*, No. 16-15370, 2008 WL 2100636, at **2-3 (E.D. La. Jan. 8, 2018)).

Given the foregoing, Requests for Admission Nos. 17 and 18 seeking an admission that Nexion Health produced a copy of the statement of rights to Mr. Rice and his sponsor "upon or before the resident's admission" as a resident to Meadowview and that this statement of rights was intended by Meadowview to be relied upon by Mr. Rice and his sponsor, consistent with the requirements La. R.S. 40:2010.8, does not require Nexion Health to draw a legal conclusion. Pointing toward the statute creates context for the statement of rights being discussed; the request does not ask Nexion Health to conclude whether it complied with the statute. The request

8

requires Nexion Health to apply law to fact.[2] The Court will therefore order Nexion Health to supplement its responses to Requests for Admission Nos. 17-18.

### iii.    Request for Admission No. 19

Request for Admission No. 19 requests Nexion Health admit that the records relating to Mr. Rice produced on October 25, 2023 in this matter consist of the entirety of its records relating to Mr. Rice. (R. Doc. 43-4 at 10-11). Nexion Health has provided a Certification of Records. (R. Doc 50 at 7; R. Doc. 50-1).

Given the foregoing, the relief sought with respect to Request for Admission No. 19 is moot.

### iv.    Interrogatory No. 1

Interrogatory No. 1 seeks all facts Nexion Health relied upon for any response to a Request for Admissions for which Nexion Health did not provide an unqualified admission, including names and contact information for persons with knowledge of these facts and all documents that support Nexion Health's response. (R. Doc. 43-5 at 1). Plaintiffs argue that although Nexion Health did not provide an unqualified admission for any of the Requests for

---

[2] *See Thompson v. Beasley*, 309 F.R.D. 236, 241 (N.D. Miss. 2015). ("While the rule allows a party to request an admission of "the application of law to fact," "[r]equests for purely legal conclusions ... are generally not permitted." Unfortunately, "the distinction between the application of law to fact and a legal conclusion is not always easy to draw." Indeed, in the absence of controlling circuit authority, lower courts have struggled to consistently apply the rule. *Compare First Options of Chicago, Inc. v. Wallenstein*, No. Civ. 92–5770, 1996 WL 729816, at *3 (E.D. Pa. Dec. 17, 1996) (request to admit that "From October 19, 1987 to October 31, 1987, Mr. Wallenstein owed a fiduciary duty to the creditors of MKI to protect corporate assets from wrongful distribution to Manuel Kaplan" was request for application of law to fact); and *Ransom v. U.S.*, 8 Cl. Ct. 646, 648 (1985) (request to admit that "by execution and delivery of the bid bond referred to in Request No. 33 above, there existed a privity of contract between plaintiffs, and each of them, and the Air Force" was request for application of law to fact); with *Tulip Computers Int'l, B.V. v. Dell Computer Corp.*, 210 F.R.D. 100, 108 (D. Del. 2002) ("determining whether a patent is valid would call for a legal conclusion although dependent on factual inquiries"); and *Playboy Enters., Inc. v. Welles*, 60 F.Supp.2d 1050, 1057 (S.D. Cal. 1999) (request to admit that defendant was "public figure" as defined in Supreme Court case law was request for legal conclusion)."); *see also Petrunich v. Sun Bldg. Sys., Inc.*, No. 3:04–cv–2234, 2006 WL 2788208, at *5 (M.D. Pa. Sep. 26, 2006) ("[T]he request that Defendants admit that Mr. Petrunich "was discriminated because of his age" is improper. Although this request refers to a party in the case, there is no factual basis to derive the legal conclusion that Defendants discriminated against Mr. Petrunich because of his age. In the absence of how Defendants discriminated against Mr. Petrunich, the request is too abstract to be an application of the law to the facts of the case.").

Admission, Nexion Health's response included "boilerplate objections" and did not provide the supporting facts requested (R. Doc. 43-2 at 10).

Nexion Health reasserts their objections, arguing that Interrogatory No. 1 circumvents the requirements of Federal Rules of Civil Procedure 33 by including more than 25 written interrogatories. (R. Doc. 50 at 10). In response, Plaintiffs withdrew their motion with respect to Nexion Health's response to Interrogatory No. 1. (R. Doc. 53 at 3).

Given the foregoing, the relief sought with respect to Interrogatory No. 1 is moot.

> **v.      Interrogatory No. 2**

Interrogatory No. 2 requests that Nexion Health identify each individual who made any entry in the specific care plan, including the individual's name, last known address, telephone number, and employment status with Nexion Health. (R. Doc. 43-5 at 3-4). Nexion Health's response refers Plaintiffs to Mr. Rice's Meadowview medical records, which contain the names of the providers preparing or entering information into the chart. (R. Doc. 50 at 11). Plaintiffs contend that it is not sufficient to simply refer Plaintiffs to Mr. Rice's 6,605-page chart. (R. Doc. 43-2 at 11). Nexion Health contends that referring to business records in response to an interrogatory is allowed pursuant to Federal Rule of Civil Procedure 33(d). (R. Doc. 50 at 11).

The Court finds this interrogatory to be overbroad and place an undue burden on Nexion Health. Requiring Nexion Health to identify each individual who made any entry in Mr. Rice's specific care plan, without consideration for the relevance of the entries, unduly burdens Nexion Health. Reviewing these records can just as easily be accomplished by Plaintiff. Should Plaintiff be unable to identify a specific individual that provided relevant care, the parties should work together to determine who that person may be and how to contact that individual.

Accordingly, the Court will not require Nexion Health to supplement its response to Interrogatory No. 2.

Further, Plaintiffs state they cannot ascertain the individuals' last known address, telephone number, or employment status from the chart. (R. Doc. 43-2 at 12). The Court finds that this information is discoverable. *See Woods v. Louisiana*, CV No. 07-913-JJB-SCR, 2009 WL 1406993 (M.D. La. May 19, 2009) (requiring defendant to provide a contact telephone number and the status of employment for witnesses). Therefore, the court will order Nexion Health to provide the last known address, telephone number, and employment status of individuals Plaintiffs identify as a person who made a relevant entry in Mr. Rice's specific care plan.

### vi.    Interrogatory Nos. 3-5 and 7

Interrogatory Nos. 3-5 requests the name, last known contact information, and employment status of the following persons partially identified in Mr. Rice's chart: the unnamed "wound care nurse" (No. 3), the unnamed "CNA" (No. 4) and the individual referred to as "TX nurse Misty" (No. 5.). (R. Doc. 43-5 at 4-5) Interrogatory No. 7 requests Defendants to identify the individual who first noted the development of a pressure injury to Mr. Rice's sacrum. (R. Doc. 43-5 at 5-6). Nexion Health's response referred Plaintiffs to Mr. Rice's chart. (R. Doc. 43-5 at 4-6).

Nexion Health agrees to provide the name, address, telephone number, and employment status of the individuals requested and of all known individuals who provided treatment to Mr. Rice on June 1, 2022, to the extent the information can be identified by Meadowview, subject to an agreement from Plaintiffs that these individuals will not be contacted by Plaintiffs, or any agent or counsel of Plaintiffs, except as allowed by law. (R. Doc. 50 at 12). Plaintiffs contend

11

that there is no legal authority for such an agreement between Plaintiffs and Nexion Health and that Plaintiffs are allowed to contact Nexion Health's former employees. (R. Doc. 53 at 5).

The Court finds that Nexion Health must produce the information requested without limitations on contact. Nexion Health has provided no legal authority upon which such an agreement is required. These individuals are not required to voluntarily speak with anyone unless mandated to do so in accordance with the Federal Rules of Civil Procedure. Any represented individuals should only be contacted through counsel.

The Court will order Nexion Health to provide the name, address, telephone number, and employment status of the individuals responsive to Interrogatory Nos. 3-5 and 7.

### vii.       Interrogatory No. 6

Interrogatory No. 6 requests Nexion Health to provide the date upon which Nexion Health first noted the development of a pressure injury to the sacrum of Mr. Rice following his readmission to Meadowview on June 1, 2022. (R. Doc. 43-5 at 5). In response, Nexion Health referred Plaintiffs to Mr. Rice's medical records. (R. Doc. 43-5 at 5).

Plaintiffs suggest that Nexion Health's response is improper due to Plaintiffs' inability to derive a sufficient response from a mere review of the records provided since Plaintiffs are seeking the date upon which Nexion Health "contends" that Meadowview first discovered the injury. (R. Doc. 43-2 at 13-4). Nexion Health states that Federal Rule of Civil Procedure 33(d) allows a party to answer an interrogatory by referring to business records, which Nexion Health did by referring Plaintiffs to Mr. Rice's medical records. (R. Doc. 50 at 12).

Based on the plain language of Interrogatory No. 6, Plaintiffs request identification of the date upon which Nexion Health first noted the development of the injury. As such, reference to Mr. Rice's medical records is sufficient. The medical records will reflect when such injury was

12

first noted. Accordingly, the Court will not order Nexion Health to supplement its response to Interrogatory No. 6.

### viii.    Interrogatory No. 8

Interrogatory No. 8 requests designation of each document that Nexion Health contends evidence Nexion Health turning and repositioning Mr. Rice at least every two hours during the time period of June 1, 2022 to July 22, 2023 so as to relieve pressure on his bony prominences. (R. Doc. 43-5 at 6). Nexion Health responded by referring Plaintiffs to Mr. Rice's medical records. (R. Doc. 43-5 at 6).

Plaintiffs suggest that Nexion Health's response is improper due to Plaintiffs' inability to derive a sufficient response from a mere review of the records provided since Plaintiffs are seeking the documents which Nexion Health "contends" evidence the turning and repositioning. (R. Doc. 43-2 at 15). Nexion Health states that Federal Rule of Civil Procedure 33(d) allows a party to answer an interrogatory by referring to business records, which Nexion Health did by referring Plaintiffs to Mr. Rice's medical records. (R. Doc. 50 at 13-14). Plaintiffs responded that a review of the medical charts cannot provide which documents Nexion Health "contends" evidence the turning and repositioning. (R. Doc 53 at 6).

Based on the plain language of Interrogatory No. 8, Plaintiffs request identification of the documents which Nexion Health contends evidence the turning and repositioning of Mr. Rice at least every two hours. Nexion has identified the medical records of Mr. Rice as the sole source of records that evidence such turning and repositioning. As such, those records as self explanatory and can just as easily be reviewed by Plaintiff. Assuming Nexion does not timely disclose any other responsive documents, it will likely not be able to do so at any later date. The court will not order Nexion Health to supplement its response to Interrogatory No. 8.

ix.        Interrogatory No. 9

Interrogatory No. 9 requests Nexion Health identify each individual who was employed by Meadowview as nursing service personnel, as defined by the interrogatory, during the time period of June 1, 2022 through July 22, 2023. (R. Doc. 43-5 at 6-7). Nexion Health objects to Interrogatory No. 9 on the basis that this interrogatory is overly broad and unduly burdensome as not all nursing service personnel tended to Mr. Rice's care and treatment at Meadowview. (R. Doc. 43-5 at 7). Subject to this objection, Nexion Health provided the names of the individuals who directed Mr. Rice's care. (R. Doc. 43-5 at 7).

Plaintiffs contend this response was insufficient as it is nonresponsive. (R. Doc. 43-2 at 16). Further, Plaintiffs contend that the inquiry is within the scope of discovery due to these individuals being potential witnesses for Plaintiffs' claims regarding understaffing, neglect of residents, and fraud. (R. Doc. 43-2 at 16). Nexion Health maintains that the request is temporally overbroad since Plaintiffs allege Mr. Rice did not develop pressure ulcers on his sacrum and right heel until on or about June 27, 2023. (R. Doc. 50 at 14). Nexion Health further argues that the request is speculative in that it hopes to discover hypothetical discoverable information these nurses may have related to the alleged facility-wide understaffing of Meadowview. (R. Doc. 50 at 15).

Plaintiffs contend that the time period of June 1, 2022 through July 22, 2023 is relevant and that this information is easily accessible as the information is routinely produced in the form of an employee roster, with a termination date and last known contact information provided only for those individuals who are former employees. (R. Doc. 53 at 7).

This court finds that as the claims in the Petition are not limited to Mr. Rice's care, instead alleging broader administrative negligence, the identities of Meadowview's employees

during Mr. Rice's residency at Meadowview are relevant. The interrogatory is sufficiently temporally limited as the time is limited to a year prior to the end of Mr. Rice's residency at Meadowview. As such, this Court will order Nexion Health to provide the name and employment status of each individual employed by Meadowview as nursing service personnel, as defined by the interrogatory, during the time period of June 1, 2022 through July 22, 2023, and to also provide the termination date and last known contact information for those individuals identified as former employees.

### x.    Interrogatory No. 11

Interrogatory No. 11 requests Nexion Health identify the members of Meadowview's governing body during Mr. Rice's residency. (R. Doc. 43-5 at 8). Nexion Health provided the names of fifteen individuals who comprised Meadowview's governing body. (R. Doc. 43-5 at 8-9). Plaintiffs contend this response is incomplete because Nexion Health did not provide these individuals' last known contact information nor employment status. (R. Doc. 43-2 at 17).

Nexion Health contends that Don Sowell is the representative of the governing body of Meadowview and may solely be contacted through undersigned counsel. (R. Doc. 50 at 15-6). Plaintiffs state that Nexion Health fails to provide any legal support precluding its production of the last known contact information and employment status of the fifteen individuals identified in its response. (R. Doc. 53 at 8).

The Court finds that this information is discoverable as the identity of these individuals is relevant to Plaintiffs' administrative negligence claim. The court will order Nexion Health to provide the employment status of the fifteen individuals identified in Nexion Health's initial response to Interrogatory No. 11 and to also provide the last known address and telephone number of those individuals identified as former employees.

### xi.        Interrogatory No. 13

Interrogatory No. 13 requests the name, last known contact information, and employment status of each person who explained to Mr. Rice and/or his sponsor or responsible party the facility admission agreement on behalf of Nexion Health. (R. Doc. 43-5 at 9). In response, Nexion Health referred Plaintiff to Mr. Rice's medical records. (R. Doc. 43-5 at 9).

Plaintiffs contend this information cannot be derived from the documents provided. (R. Doc. 43-2 at 18). Nexion Health then narrowed the documents, referring Plaintiffs specifically to Mr. Rice's admissions records, which can be found at NEXION-RICE-000042 – 000115. (R. Doc. 50 at 16). Upon further review, Plaintiffs state that these documents likely refer to Adrienne Woods, but that it is not certain from the face of the document. (R. Doc. 53 at 8). Plaintiffs contend they cannot determine whether Ms. Woods is the only individual responsive to the interrogatory. (R. Doc. 53 at 8). Additionally, the medical records do not contain Ms. Woods's, or any responsive individual's, last-known contact information or employment status. (R. Doc. 53 at 9).

The Court finds that this information is discoverable.[3] The court will order Nexion Health to (i) state whether Adrienne Woods is the sole individual responsive to Interrogatory No. 13, (ii) provide Adrienne Woods's last known address, telephone number, and employment status to Plaintiffs, and (iii) provide the last known address, telephone number, and employment status of any other individual identified as responsive to Interrogatory No. 13.

---

[3] *See Kinnett v. Hosp. Serv. Dist. No. One of Tangipahoa Par.,* No. CV 19-10690, 2020 WL 12761585, at *2 (E.D. La. Apr. 9, 2020) (ordering a party to disclose the identity and age, current or last known address and phone number, employment status, job title, salary, and benefits of persons involved in the decision to terminate plaintiff. Reference to the letter terminating plaintiff signed by two individuals was insufficient, and the court required the party to state whether these two individuals were the sole individuals responsive to the interrogatory.

### xii.        Interrogatory No. 14

Interrogatory No. 14 requests the name, last known contact information, and employment status of the individual who provided a copy of the statement of rights of residents to Mr. Rice and his sponsor upon or before the resident's admission as a resident of Meadowview as required by La. R.S. 40:2010.8(C). (R. Doc. 43-5 at 10). In response, Nexion Health referred Plaintiffs to the Statement of Resident Rights, signed by Adrienne Woods, at NEXION-RICE-000081. (R. Doc. 50 at 17). Plaintiffs contend this response is insufficient as it still fails to provide Ms. Woods's last known contact information and employment status. (R. Doc. 53 at 9).

The Court finds a further response to Interrogatory No. 14 would be repetitive of Interrogatory No. 13 as the court has already ordered Nexion Health to produce Adrienne Woods's last known contact information and employment status. Nexion Health is therefore not required to further respond to Interrogatory No. 14.

### xiii.       Interrogatory Nos. 15-16

Interrogatory Nos. 15-16 request the name and contact information for all Meadowview residents (No. 15) and their sponsors (No. 16) during the time period of Mr. Rice's residency at Meadowview. (R. Doc. 43-5 at 10). Nexion Health objected to providing this information as not relevant nor proportional to the needs of the case, protected by HIPAA, and overly broad and unduly burdensome as it goes beyond the scope of Mr. Rice's care and treatment. (R. Doc. 43-5 at 10-11).

Plaintiffs contend that the information is relevant to Plaintiffs' analysis of who may have witnessed or has knowledge relating to Mr. Rice and the facility-wide understaffing at Meadowview. (R. Doc. 43-2 at 18-19). Nexion Health contends that the information is not relevant as Plaintiffs provided no factual basis to support any residents or sponsors observing

17

Mr. Rice's care. (R. Doc. 50 at 17). Nexion Health also argues this request places an undue burden and expense on Nexion Health as it would need to gather information for a significant number of residents. (R. Doc. 50 at 17-18). Additionally, Nexion Health contends that any hypothetical discoverable information these residents or sponsors may have would be based on the individualized nursing care the resident received, which Plaintiffs allege need not be considered. (R. Doc. 50 at 18). In response, Plaintiffs suggest the understaffing allegations make the information relevant. (R. Doc. 53 at 9).

Further, to circumvent any privacy concerns, including HIPAA, Plaintiffs propose a "compromise" to have a third-party mailing house send letters to these individuals, at the sole expense of Plaintiffs, notifying them that their names and contact information will be disclosed to Plaintiffs only should they affirmatively assent to the provision of the information. (R. Doc. 43-2 at 19). In response, Nexion Health contends that revealing the names of residents is a violation of HIPAA. (R. Doc. 50 at 18-19). Even with Plaintiffs' proposed "compromise," Nexion Health contends Meadowview would be disclosing private health information in violation of HIPAA to a third party mailing house rather than to Plaintiffs directly. (R. Doc. 50 at 19). Additionally, as Plaintiffs have not yet sent written notice to the residents and the sponsors containing the requirements of 45 C.F.R. § 164.512(e)(1)(iii), Nexion Health contends "satisfactory assurance," as defined by the statute, has not yet occurred which would allow Plaintiffs to disclose the information. (R. Doc. 50 at 19).

The Court agrees with Nexion Health that production of the name and contact information for all Meadowview residents and their sponsors during Mr. Rice's residency is

protected by HIPAA.[4] Further, Nexion Health has not received "satisfactory assurances" as defined by 45 C.F.R. § 164.512(e)(1)(iii) from Plaintiffs and therefore is not required to produce this information. The Court also finds this interrogatory to be overbroad and place an undue burden on Nexion Health. As Nexion Health has argued, a large number of records would need to be compiled by Nexion Health, placing a large burden on Nexion Health, and Plaintiffs have not properly limited the scope of the residents to fit the needs of their claim. Nexion Health is therefore not required to respond to Interrogatory Nos. 15-16.

### xiv.    Interrogatory Nos. 18-19

Interrogatory No. 18 seeks information regarding whether Nexion Health contends that any action, or inaction, on the part of Claiborne Memorial Medical Center during the time period of June 28, 2023 to July 3, 2023 caused the pressure injury on Mr. Rice to worsen, and Interrogatory No. 19 requests that if the answer to Interrogatory No. 18 is affirmative, Nexion Health state all facts Nexion Health contends support this contention. (R. Doc. 43-5 at 11-12). Nexion Health objected to these interrogatories on the basis of attorney-client privilege, attorney work-product doctrine, or any other recognized privilege or doctrine against disclosure, and on the grounds that it requires Nexion Health to marshal their evidence prior to trial. (R. Doc. 43-5 at 11-12).

Plaintiffs contend that Interrogatory Nos. 18 and 19 request information directly related to affirmative defenses raised by Nexion Health in its Answer. (R. Doc. 43-2 at 24). Nexion Health objects on the grounds that Plaintiffs are seeking legal conclusions and information protected by attorney-client privilege, attorney work-product doctrine, or any other recognized

---

[4] 45 C.F.R. § 164.514(b) ("A covered entity may determine that health information is not individually identifiable health information only if: … (b)(i) The following identifiers of the individual or of relatives, employers, or household members of the individual, are removed: (A) Names").

privilege or doctrine against disclosure. (R. Doc. 50 at 21). Additionally, Nexion Health suggests that this request is premature as both discovery and expert discovery remain ongoing. (R. Doc. 50 at 21). Plaintiffs claim Nexion Health failed to provide any legal support for the well-established jurisprudential rule that the factual and legal bases underlying Nexion Health's affirmative defenses are discoverable. (R. Doc. 53 at 10).

The information sought in Interrogatory Nos. 18 and 19 is relevant to Nexion Health's affirmative defense that Plaintiffs' claims are barred by a third party's fault or negligence being the sole and proximate cause of any damages Mr. Rice may have sustained. (R. Doc. 26 at 1). Additionally, the information sought in Interrogatory Nos. 18 and 19 is relevant to Nexion Health's affirmative defense that Defendants are entitled to comparative fault. (R. Doc. 26 at 2). The Court does agree, however, that discovery remains ongoing and responsive "information" as requested may be in the possession of non-parties or have yet to be discovered. Supplementation at a later time may be appropriate.

The Court will order Nexion Health to respond to Interrogatory Nos. 18 and 19, however, and provide a privilege log to Plaintiffs for all documents Nexion Health claims to be protected by attorney-client privilege, attorney work-product doctrine, or any other recognized privilege or doctrine against disclosure.

### C.    Plaintiffs' Motion to Compel (R. Doc. 44)

#### i.    Request for Production No. 1

Request for Production No. 1 seeks all insurance agreements and policies providing coverage to Meadowview for any conduct alleged in the Petition. (R. Doc. 49-2 at 1). Nexion Health objected on the basis that the request seeks privileged or confidential information and that the information was previously produced as NEXION-RICE 000001-000003. (R. Doc. 49-2 at 1-

20

2). Plaintiffs contend that these documents were not produced and that Plaintiffs are entitled to the agreements and policies pursuant to Federal Rule of Civil Procedure 26(a). (R. Doc. 49 at 8). Nexion Health again states that it has provided the documentation through the Primary Long Term Care Liability Policy Declarations previously produced. (R. Doc. 54 at 6). Plaintiffs contend that the declarations page produced does not satisfy its request. (R. Doc. 63 at 1-2).

This Court agrees with Plaintiffs. Plaintiffs are entitled to "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. Rule Civ. Proc. 26(a)(1)(A)(iv). To the extent the relevant agreements and policies have not been provided, this Court will order Nexion Health to produce any relevant insurance agreements and policies in response to Request for Production No. 1.

### ii.    Request for Production No. 2

Request for Production No. 2 seeks all documents in Nexion Health's care, custody, or control which reference and/or refer to Mr. Rice in any manner. (R. Doc. 49-2 at 2-3). Nexion Health objects as the request is overly broad, unduly burdensome, and not limited to precise documentation. (R. Doc. 49-2 at 3). Plaintiffs state that this request encapsulates any incident reports relating to Mr. Rice and asks that Nexion Health be ordered to either produce any relevant incident reports or confirm that it does not possess any incident reports. (R. Doc. 49 at 8). Nexion Health contends Mr. Rice's medical records, which have been previously produced, encompass all of Meadowview's records regarding Mr. Rice and produced a certification page confirming this. (R. Doc. 54 at 7-8). Plaintiffs again assert that incident reports should be produced, or Nexion Health should state that it does not possess any such reports. (R. Doc. 63 at 2-3).

This Court agrees with Nexion Health that requesting all documents referencing Mr. Rice is clearly overbroad and unduly burdensome as it is not limited to precise documentation. Plaintiffs narrow their request to incident reports, which are discoverable.[5] This Court will order Nexion Health to produce any incident reports referencing and/or referring to Mr. Rice or to state that no such incident reports are in its possession.

### iii.    Request for Production No. 3

Request for Production No. 3 requests all of Meadowview's "Payroll Based Journal" submissions to the Centers for Medicare and Medicaid Services during Mr. Rice's residency at Meadowview. (R. Doc. 49-2 at 3). Nexion Health objected as the information is equally or more accessible to Plaintiffs through the Centers for Medicare and Medicaid Services website. (R. Doc. 49-2 at 4). Nexion Health later supplemented its production with "Payroll Based Journal" documents and Punch Detail Reports evidencing staffing during the reference period. (R. Doc. 54 at 8-9). In response, Plaintiffs have withdrawn Request for Production No. 3 from determination. (R. Doc. 63 at 1).

Given the foregoing, the relief sought with respect to Request for Production No. 3 is moot.

### iv.    Request for Production No. 4

Request for Production No. 4 requests all facility nurse staffing information and/or nurse staffing data (as defined in the requests) during Mr. Rice's residency at Meadowview, redacting

---

[5] *See*, *e.g.*, *In re Gould*, 37,400 (La. App. 2 Cir. 8/20/03), 852 So. 2d 1123, 1127 ("Regarding the incident reports, if any exist, we see no reason why these documents would not be included as part of Ms. Gould's records at [the nursing home]."); *Bridges v. Baton Rouge Gen. Med. Ctr.*, 2020-0270 (La. App. 1 Cir. 12/30/20), 317 So. 3d 662, 673, *writ denied*, 2021-00144 (La. 4/7/21), 313 So. 3d 985 ("The incident report is a factual accounting of the failure of Mr. Bridges' nursing staff to turn him every two hours as required by Baton Rouge General's policies and procedures. The incident report is otherwise discoverable through the testimony of the nurses and doctors who attended Mr. Bridges; accordingly, the incident report is not privileged under LSA-R.S. 13:3715.3 or LSA-R.S. 44:7.")

the names and identifying information of residents other than Mr. Rice. (R. Doc. 49-2 at 4-5).

Nexion Health objected on the basis that the information is overly broad, unduly burdensome,

extends beyond Mr. Rice's care at Meadowview, and violates HIPAA. (R. Doc. 49-2 at 5).

Plaintiffs contend the information was required to be collected and posted in Meadowview daily.

(R. Doc. 49 at 10). Additionally, Plaintiffs contend there is no information protected by HIPAA

in these documents, and redactions dispel of any HIPAA concerns. (R. Doc. 49 at 10).

In response, Nexion Health contends its supplemental response to Request for Production

No. 3 provides the requested documentation for Request for Production No. 4, mooting the issue.

(R. Doc. 54 at 8-9). Plaintiffs argue the documents produced in response to Request for

Production No. 3 are nonresponsive to this request as Plaintiffs are seeking "nurse staffing data"

as defined by 42 CFR § 483.35(g) and La. Admin. Code tit. 48 § I-9823. (R. Doc. 63 at 3-4).

The Court agrees with Plaintiffs that responsive documents for Request for Production

No. 4 were not produced in Nexion Health's response to Request for Production No. 3. Request

for Production No. 4 requests "nurse staffing data," which Plaintiffs clearly state refers to the

information required by La. Admin. Code tit. 48 § I-9823(A)(2) to be posted at Meadowview on

a daily basis, which includes (1) the facility name, (2) the current date, (3) the resident census,

and (4) the total number and the actual hours worked by the following categories of licensed and

unlicensed staff directly responsible for resident care per shift: (i) registered nurses, (ii) licensed

practical nurses, and (iii) certified nurse aids. "The facility shall, upon oral or written request,

make nurse staffing data available to the public for review at a cost not to exceed the community

standard." La. Admin. Code tit. 48 § I-9823(A)(4).

The information is not publicly available, does not violate HIPAA (and any information

protected by HIPAA may be redacted), and is required by law to be provided upon request.

23

Given the foregoing, the Court will order Nexion Health to produce all "nurse staffing data," including (1) the facility name, (2) the current date, (3) the resident census, and (4) the total number and the actual hours worked by the following categories of licensed and unlicensed staff directly responsible for resident care per shift: (i) registered nurses, (ii) licensed practical nurses, and (iii) certified nurse aids, compiled in accordance with La. Admin. Code tit. 48 § I-9823(A)(2)-(3) during Mr. Rice's residency.

### v.        Request for Production No. 5

Request for Production No. 5 requests the "Facility Assessment" of Meadowview prepared pursuant to 42 CFR § 483.71, or former 42 CFR § 483.70(e), which was submitted during, or which encapsulate, the time period of Mr. Rice's residency at Meadowview. (R. Doc. 49-2 at 5). If no such documents exist, Plaintiffs request the last such document prepared immediately prior to the time period of Mr. Rice's residency. (R. Doc. 49-2 at 5). Nexion Health objected as the documents contain information protected by HIPAA and other facility-related sensitive information. (R. Doc. 49-2 at 6). Despite these objections, Nexion Health supplemented its response with the requested facility assessments. (R. Doc. 54 at 9). Plaintiffs have withdrawn Request for Production No. 5 from determination. (R. Doc. 63 at 1).

Given the foregoing, the relief sought with respect to Request for Production No. 5 is moot.

### vi.        Request for Production No. 6

Request for Production No. 6 requests Meadowview's completed "CMS 671" and "CMS 672" forms which were submitted during, or which encapsulates, the time period of Mr. Rice's residency at Meadowview. (R. Doc. 49-2 at 6). If no such documents exist, Plaintiffs request the last such documents prepared immediately prior to the time period of Mr. Rice's residency. (R.

24

Doc. 49-2 at 6). Nexion Health objected on the basis that the documents contain information outside the treatment of Mr. Rice at Meadowview and that the information is publicly available. (R. Doc. 49-2 at 6).

Plaintiffs contend the information does not contain information regarding other residents as CMS 671 and CMS 672 do not contain personal data for any resident, only statistical data relative to the acuity level of the facility during Mr. Rice's residency at Meadowview. (R. Doc. 49 at 13). In response, Nexion Health concedes it is possible a CMS 672 form was prepared during Mr. Rice's residency, has requested these forms, and agrees to produce any non-privileged, non-protected information pertaining to Mr. Rice upon receipt. (R. Doc. 54 at 10). Plaintiffs state no such information has been provided to date. (R. Doc. 63 at 5).

The Court finds that this information is discoverable as the forms are relevant to the administrative negligence allegation and as Nexion Health has agreed to provide the information. *See* R. Doc. 54 at 10). If any information protected by HIPAA is contained on the CMS 671 and/or CMS 671 forms, Nexion Health shall redact this information prior to production. The Court will order Nexion Health to produce any CMS 671 and/or CMS 671 forms submitted during or encapsulating the time of Mr. Rice's residency at Meadowview. If no such documents exist, Nexion Health is ordered to produce the last such documents prepared.

### vii.    Request for Production No. 7

Request for Production No. 7 requests all of Meadowview's completed Certification and Survey Provider Enhanced Reports (CASPER) "Employee Report," CASPER "Daily Staffing Report," CASPER "Staffing Summary Report," and Daily MDS Census Detail Report for the time period of Mr. Rice's residency at Meadowview. (R. Doc. 49-2 at 7). Nexion Health objected on the basis that the request seeks information protected by HIPAA, is outside the scope of the

facts and issues of the matter, and is not relevant nor proportional to the needs of the case. (R. Doc. 49-2 at 7). Subject to these objections, Nexion Health stated it requested the "Staffing Summary Report" and will produce in accordance with the Protective Order. (R. Doc. 49-2 at 7).

Plaintiffs assert that this request is relevant to the staffing of Meadowview, which is relevant to the administrative negligence claim. (R. Doc. 49 at 10-11). Again, Nexion Health agreed to supplement its response to the extent responsive, non-privileged or protected information exists. (R. Doc. 54 at 9). Plaintiffs contend no such documents have been produced, nor has a privilege log been produced for documents Nexion Health may be withholding. (R. Doc. 63 at 5).

In Plaintiffs' Reply Memorandum, Plaintiffs narrow their request to Meadowview's "Daily Staffing Report," specifically the 1702D Individual Staffing Report, and its Daily MDS Census Daily Report. (R. Doc. 63 at 6). The Court finds that Meadowview's "Daily Staffing Report," specifically the 1702D Individual Staffing Report, and its Daily MDS Census Daily Report are discoverable as they pertain to Plaintiffs' administrative negligence claim. If any information protected by HIPAA is contained on the "Daily Staffing Report," specifically the 1702D Individual Staffing Report, and/or the Daily MDS Census Daily Report, Nexion Health shall redact this information prior to production. The Court will order Nexion Health to produce any "Daily Staffing Report," specifically the 1702D Individual Staffing Report, and/or Daily MDS Census Daily Report completed by Meadowview during Mr. Rice's residency at Meadowview.  If not, such documents exist, Nexion Health is ordered to produce the last such documents prepared.

26

### viii.        Request for Production Nos. 8 and 16

Request for Production No. 8 requests all documents evidencing Meadowview's recordation of clinical quality measures during the time of Mr. Rice's residency. (R. Doc. 49-2 at 8). Request for Production No. 16 requests documents created by Meadowview to reflect the number of residents in Meadowview who suffered from falls, pressure sores, utilized restraints, utilized psychoactive medications, and/or were incontinent of bowel or bladder during the time of Mr. Rice's residency. (R. Doc. 49-2 at 13). In response to both Request for Production Nos. 8 and 16, Meadowview has produced MDS 3.0 Facility-Level Quality measure (QM) Reports. (R. Doc. 54 at 11-12). Plaintiffs have since withdrawn Request for Production No. 3 from determination. (R. Doc. 63 at 1).

Given the foregoing, the relief sought with respect to Request for Production Nos. 8 and 16 is moot.

### ix.        Request for Production No. 11

Request for Production No. 11 requests all work schedules, employee sign-in sheets, timecards, time schedules (as defined by the requests), and other time recordings Punch Detail edit forms, Payroll Audit Logs, Time Care Correction forms, overtime requests, and/or overtime requests and/or authorizations for all nursing service personnel (as defined by the requests) working at Meadowview for the time of Mr. Rice's residency at Meadowview. (R. Doc. 49-2 at 9). Nexion Health objected to the request as overly broad, unduly burdensome, and not proportional nor relevant to the needs of this case due to not all nursing service personnel treating Mr. Rice during his Meadowview residency. (R. Doc. 49-2 at 9-10).

Nexion Health has since produced its "Punch Detail Reports," showing the daily clock-in/clock-out timestamps for all nursing service personnel for the time period of Mr. Rice's

residency at Meadowview. (R. Doc. 63 at 7). Plaintiffs state they still seek documents reflecting any changes made to that punch detail data, namely its Punch Detail Edit forms, Payroll Audit Logs, and Timecard Correction forms. (R. Doc. 63 at 7). Since the records for all nursing service personnel is relevant to Plaintiffs' administrative negligence claim, the Court will order Nexion Health to produce its Punch Detail Edit forms, Payroll Audit Logs, and Timecard Correction forms for all nursing service personnel for the time period of Mr. Rice's residency.

### x. Request for Production No. 12

Request for Production No. 12 seeks Meadowview's written policies and procedures, required by La. Admin. Code tit. 48 § I-9761, in effect during Mr. Rice's residency at Meadowview. (R. Doc. 49-2 at 10) In response, Nexion Health has provided the Nexion Clinical Essentials Table of Contents and requested Plaintiffs to narrow their request. (R. Doc. 54 at 13).

Nexion Health's response was nonresponsive to Request for Production No. 12. Plaintiffs request the policies and procedures, not a table of contents/index of the policies and procedures. Further, La. Admin. Code tit. 48 § I-9761 requires that these written policies and procedures "are available to staff, residents and legal representatives." The Court finds that this information is discoverable and orders Nexion Health to produce the following policies requested by Plaintiffs (R. Doc. 63-4 at 1):

1. The Nexion Skin Integrity Prevention and Treatment Program
2. Staffing, Sufficient and Competent Nursing
3. Resident Care Policies – Admission, Transfer, and Discharge Protocols
4. Resident Care Policies – Resident Rights and Responsibilities
5. Resident Care Policies – Skin and Wound Care
6. Clinical Care Processes – Assessments (Admission, Change of Condition, Periodic)
7. Clinical Care Processes – Care Planning and Goal Setting
8. Medical and Nursing Services – Staffing Requirements
9. Medical and Nursing Services – Competency and Training Standards
10. Food and Nutrition Services – Nutrition and Hydration
11. Administrative Policies – Governance
12. Administrative Policies – Documentation and Charting Standards

13. Training and Compliance – Staff Orientation and Continuing Education
14. Training and Compliance – Regulatory Compliance and Ethics

### xi.        Request for Production No. 13

Request for Production No. 13 requests all documents constituting Meadowview job descriptions as to the following disciplines which were in effect during Mr. Rice's residency at Meadowview, including Administrator, Director of Nursing, Minimum Data Set Coordinator, case managers, Registered Nurses, charge nurses, Licensed Practical Nurses, certified nursing assistants, Restorative Nursing Assistants, Physical Therapists, Admissions Coordinator, Business Office Manager, Social Services Director, Activities Personnel, Dietary Services Personnel, Director of Staff Development, and/or Medical Director. (R. Doc. 49-2 at 11-12).

Subsequent to the Motion to Compel, Nexion Health produced job descriptions pertaining to Licensed Practical Nurse, Administrator, Certified Nursing Assistant, Registered Nurse, Social Services Director, Physical Therapist, Director of Nursing, Minimum Data Set Coordinator, Business Office Manager, Admissions Coordinator, and Activity Director. (R. Doc. 54 at 13-14). Nexion Health has confirmed that descriptions for Charge Nurses, Director of Staff Development, and Medical Director do not exist. (R. Doc. 54 at 14). Further, Nexion Health objected to the request for Dietary Services Personnel as too broad. (R. Doc. 54 at 14). In response, Plaintiffs have withdrawn Request for Production No. 13 from determination. (R. Doc. 63 at 1).

Given the foregoing, the relief sought with respect to Request for Production No. 13 is moot.

### xii.        Request for Production Nos. 14-15

Request for Production No. 14 requests all documents (with redactions for the names of residents other than Mr. Rice) referencing, evidencing, or pertaining to complaints regarding

Meadowview's provision of "nursing care and services," as used in La. Admin Code. tit. 48 § I-9825(A), from the period of August 1, 2019 through July 22, 2023. (R. Doc. 49-2 at 12). Request for Production No. 15 requests all documents (with redactions for the names of residents other than Mr. Rice) referencing, evidencing, or pertaining to complaints, grievances, or comments as to Meadowview's staffing of nursing service personnel during the time period of August 1, 2019 through July 22, 2023. (R. Doc. 49-2 at 13). Nexion Health objected to Request Nos. 14-15 on the basis that the request seeks information regarding other residents, which is not relevant to Mr. Rice's alleged injuries, that the request does not specify who would have filed these complaints and why, and that the request seeks information protected by HIPAA. (R. Doc. 49-2 at 12-13).

Plaintiffs assert that as Nexion Health has confirmed that it keeps records of grievances in its social services department's office,[6] Nexion Health should be ordered to produce these records because the records show whether Nexion Health was aware of potential problems in the facility, such as understaffing, prior to the injuries suffered by Mr. Rice and potentially ignored any such problems. (R. Doc. 22-23). Nexion Health reasserted its prior objections and produced a grievance filed by, or on behalf of, Mr. Rice. (R. Doc. 54 at 14-15).

Further, Plaintiffs point to a matter also currently pending in the Middle District Court of Louisiana, *Lunkin v. Nexion Health Mgmt., Inc.*, Docket No. 3:24-cv-00673-BAJ-EWD, in which the plaintiff brings the same claims asserted in Plaintiffs' Petition. (R. Doc.63 at 9-10). In *Lunkin*, the same requests for production were asserted by the plaintiff, and Nexion Health Management, Inc. produced the same response. (R. Doc.63 at 9-10). The Court in *Lunkin* ruled that other complaints and grievances could be relevant to Plaintiffs' claims since these requests

---

[6] Nexion Health admitted this during the deposition of Nexion Health at Minden, Inc., with Donna Boudreaux as Representative, at 42:19-43:18, produced as Exhibit 5 to Plaintiffs' Motion to Compel. (R. Doc. 49-5 at 18-19).

are limited to facility staffing of nursing service personnel and provision of nursing services during the limited time of the plaintiff's residence at the facility and the approximately seven months preceding her residency. (R. Doc. 63-6 at 8-9). The Court ordered the defendant to provide all responsive documents. (R. Doc. 63-6 at 9). Additionally, the Court stated that if the complaints are so numerous that the requested information is overburdensome and/or disproportionate to the needs of the case, defendant shall confer with plaintiff and try to narrow the issues before seeking further Court intervention. (R. Doc. 63-6 at 9-10).

This Court agrees with the order issued in *Lunkin*. The documents requested pursuant to Request for Production Nos. 14-15 may be relevant to Plaintiffs' claims and are sufficiently limited in scope. This Court will order Nexion Health to provide all documents referencing, evidencing, or pertaining to complaints regarding Meadowview's provision of "nursing care and services," as used in La. Admin Code. tit. 48 § I-9825(A), and staffing of nursing service personnel from the period of August 1, 2019 through July 22, 2023. If any information protected by HIPAA is contained in the responsive documents, Nexion Health shall redact this information prior to production. If the burden of production is high and/or disproportionate to the needs of the case, Nexion Health shall confer with Plaintiffs and try to narrow the issues before seeking further Court intervention.

### xiii.    Request for Production No. 17

Request for Production No. 17 seeks the written minutes of all resident council meetings of Meadowview that occurred during the time period of August 1, 2019 through July 22, 2023, with redactions for the names of residents other than Mr. Rice. (R. Doc. 49-2 at 14). Nexion Health objected on the basis that the request seeks information regarding the care and treatment of other residents and seeks information protected by HIPAA. (R. Doc. 49-2 at 14). Plaintiffs

31

assert they seek the substance and dates of the resident council meetings, not the identity of the residents or family members who participated in the meeting. (R. Doc. 49 at 24-25). Nexion Health reasserts its previous objections. (R. Doc. 54 at 15-16). No responsive documents have been produced. (R. Doc. 63 at 10).

The documents requested pursuant to Request for Production No. 17 are relevant in assessing Nexion Health's knowledge of potential issues prior to Mr. Rice's injuries, and are sufficiently limited in scope. This Court will order Nexion Health to provide the written minutes of all resident council meetings of Meadowview that occurred during the time period of August 1, 2019 through July 22, 2023. If any information protected by HIPAA is contained in the responsive documents, Nexion Health shall redact this information prior to production. If the meetings are so numerous that the requested information is overburdensome and/or disproportionate to the needs of the case, Nexion Health shall confer with Plaintiffs and try to narrow the issues before seeking further Court intervention.

###### xiv.        Request for Production Nos. 23-26

Request for Production Nos. 23-26 request all documents (with redactions for the names of residents other than Mr. Rice) authored or received by certain individuals during the time period of July 1, 2020 through July 22, 2023 referencing the following topics:

- The staffing of Meadowview of those who provided nursing care to Meadowview residents;
- The census of residents in Meadowview;
- Complaints as to Meadowview's provision of nursing care to residents of Meadowview;
- Meadowview's compliance with applicable rules, laws, and regulations governing the operations of a Louisiana skilled nursing facility;
- Meadowview's interaction with the Louisiana Department of Health; and/or
- Meadowview's budgets.

(R. Doc. 49-2 at 17-21). The relevant individuals include:

- Rebecca Myles, administrator of Meadowview during Mr. Rice's residency at Meadowview, Member of Meadowview's Governing Board (No. 23)
- Hatty Holly, director of nursing at Meadowview during Mr. Rice's residency at Meadowview, Member of Meadowview's Governing Board (No. 24)
- Don Sowell, Nexion Health Management, Inc.'s Regional Director of Operations, Member of Meadowview's Governing Board (No. 25)
- Donna Boudreaux, Nexion Health Management, Inc.'s Corporate Clinical Specialist, Member of Meadowview's Governing Board (No. 26)

(R. Doc. 49-2 at 17-21).

Defendants objected on the grounds that these requests seek documents not relevant or proportional to the needs of this matter, not likely to lead to the discovery of admissible evidence, and not pertaining to the specific care and treatment Mr. Rice received. (R. Doc. 54 at 16-18). Further, Defendant asserted that the term "budget" is overly broad and impermissibly vague. (R. Doc. 54 at 16-18). Defendant also objects as its interactions with the Louisiana Department of Health are more easily or equally accessible to Plaintiff because they are publicly available and obtainable online. (R. Doc. 54 at 16-18). Defendants assert that obtaining these documents would be a tremendous undertaking, and much of the information is provided in other documents previously produced. (R. Doc. 54 at 16-18).

In response, Plaintiffs have limited their request to responsive emails for the first 3 categories. (R. Doc. 63 at 11). Notably, Nexion has previously been compelled to produce the same requests for the first 3 categories in *Lunkin v. Nexion Health Mgmt., Inc.*, Docket No. 3:24-cv-00673-BAJ-EWD. (R. Doc. 63-6 at 11-16). Again, this Court agrees with that order. The first three categories, (1) staffing of Meadowview of those who provided nursing care to Meadowview residents; (2) census of residents in Meadowview; and (3) complaints as to Meadowview's provision of nursing care to residents of Meadowview, are relevant to the issues in this case and temporally limited.

33

The Court will order production of emails authored or received by Rebecca Myles, Hatty Holly, Don Sowell, and/or Donna Boudreaux regarding (1) staffing of Meadowview of those who provided nursing care to Meadowview residents; (2) census of residents in Meadowview; and (3) complaints as to Meadowview's provision of nursing care to residents of Meadowview. If any information protected by HIPAA is contained in the responsive documents, Nexion Health shall redact this information prior to production. If the results are so numerous that the requested information is overburdensome and/or disproportionate to the needs of the case, Nexion Health shall confer with Plaintiffs and try to narrow the issues before seeking further Court intervention.

### xv.     Request for Production No. 27

Request for Production No. 27 seeks all electronic mail transmissions from, or to, and exclusive of communications with legal counsel, any Meadowview employee, agent, or representative during the time period of Mr. Rice's residency at Meadowview containing any of the following terms and/or derivations thereof: "Felix Rice," "pressure injury," "pressure sore," "pressure ulcer," "decubitus ulcer," "staff," "budget," "PPD," "labor hours," "census," "skilled mix," "Medicare," "survey deficiencies," "neglect," and "abuse." (R. Doc. 49-2 at 22).

Nexion Health objects on the basis that the results of this search is overly broad and unduly burdensome as it seeks 47 months of emails to and from numerous facility personnel containing 18 different terms, including general terms such as "Medicare" and "staff." (R. Doc. 54 at 19). Nexion Health contends this search would be time consuming and expensive. (R. Doc. 54 at 19). Plaintiffs again point to the decision made in *Lunkin v. Nexion Health Mgmt., Inc.*, Docket No. 3:24-cv-00673-BAJ-EWD, ordering defendants to run the search and provide the results of these searches to Plaintiff; the parties then must confer regarding production of

responsive information. (R. Doc. 63 at 11; R. Doc. 63-6 at 16-17). Importantly, the time frame in *Lunkin* was 6 months, not 46 months. (R. Doc. 63-6 at 17).

Given the large time frame in which Plaintiffs seek emails, and the overly broad nature of the search terms, Nexion Health's objection will be sustained. This discovery request is not appropriately designed to identify relevant and responsive documents – it is designed to produce a universe of documents to then be reviewed for their discoverability. The search of ESI using particular search terms is a mechanism for finding potentially responsive information. It is not the discovery request itself. Parties are encouraged to discuss these issues as early as their Rule 26(f) conference (see Rule 26(f)(3)(C)) and work together in refining appropriate search terms to narrow the scope of documents to be reviewed.

The numerous discovery requests covered by this order or otherwise properly served without objection undoubtedly involve the search of electronically stored information. The defense must diligently search the ESI within its custody and control for responsive documents just as it must search any physical files or documentation. Productions of ESI made in response to a discovery request can include an objection that searches of ESI were done in a certain manner. "An objection that states the limits that have controlled the search for responsive and relevant materials qualifies as a statement that the materials have been 'withheld.'" See Rule 34 Advisory Committee Notes, 2015 Amendment.

The Court will not compel the search and production of documents that contain overbroad search terms and are assured to produce significant amounts of documentation outside of the scope of discovery.

###### xvi. Notice of Deposition Request for Production No. 15

In Plaintiffs' Notice of Fed. R. Civ. P. 30(b)(6) Deposition of Nexion Health at Minden, Inc. ("Notice"), Plaintiffs attached further requests for production as Exhibit 2. (R. Doc. 49-4). Request for Production No. 15 of the Notice seeks all documents (with redactions for the names of residents other than Mr. Rice) exchanged between Nexion Health and Nexion Management, or anyone acting on their behalf, during the time period of August 1, 2019 through July 22, 2023, referencing Meadowview's staffing, census levels, budgets, interactions with the Louisiana Department of Health, and/or compliance with applicable rules, laws, and regulations. (R. Doc. 49-4 at 19).

Nexion Health asserts that this request for production and Nexion Health's response were not discussed in Plaintiffs' February 10, 2026 Rule 37 Meet and Confer conference and therefore not in dispute at this time. (R. Doc. 54 at 16). The Court agrees with Nexion Health and therefore will not consider this request. *See* Fed. R. Civ. P. 37(a)(1) ("The motion [to compel] must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.").

### III.  Motion to Expedite (R. Doc. 66)

On July 21, 2026, Plaintiff filed its Motion to Expedite, requesting the Court expedite its ruling on Plaintiffs' Motion to Compel Sufficient Responses to Requests for Admission and Interrogatories (R. Doc. 43) and Plaintiffs' Motion to Compel Sufficient Responses to Requests for Production (R. Doc. 44; R. Doc. 49). This Order renders the Motion to Expedite moot, and the Motion to Expedite is therefore denied as such.

**IV.    Conclusion**

For the foregoing reasons,

**IT IS ORDERED** that Plaintiffs' Motion to Compel Sufficient Responses to Requests for Admission and Interrogatories (R. Doc. 43) is **GRANTED IN PART** and **DENIED IN PART** as detailed above. Nexion Health shall provide complete responses to Requests for Admission Nos. 2, 7, 17-18 and Interrogatory Nos. 2, 3-5, 7, 9, 11, 13, 18-19, as provided in the body of this Order, within **14 days** of the date of this Order or as otherwise agreed upon by the parties.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Compel Sufficient Responses to Requests for Production of Documents (R. Doc. 44) is **GRANTED IN PART** and **DENIED IN PART** as detailed above. Nexion Health shall provide complete responses to Requests for Production Nos. 1-2, 4, 6-7, 11-12, 15, 17, 23-26, 27 as provided in the body of this Order, within **14 days** of the date of this Order or as otherwise agreed upon by the parties.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Expedite (R. Doc. 66) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the parties are to bear their own costs.

Signed in Baton Rouge, Louisiana, on August 12, 2026

_____

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

37