**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**MELVIN ANDREWS, ET AL.** **CIVIL ACTION**

**VERSUS** **NO. 24-560-JWD-RLB**

**NEXION HEALTH MANAGEMENT, INC., ET AL.**

**ORDER**

Before the Court is Plaintiffs' Motion to Compel Nexion Health Management, Inc.'s Complete Responses to Plaintiffs' Requests for Production of Documents ("Motion to Compel). (R. Doc. 70). The Motion to Compel is opposed. (R. Doc. 76). Also before the Court is Plaintiffs' Motion to Expedite Consideration of Motion to Compel Nexion Health Management, Inc.'s Complete Responses to Plaintiffs' Requests for Production of Documents ("Motion to Expedite"). (R. Doc. 71). The Motion to Expedite is unopposed. *See* L.R. 7(f).

**I. Background**

On or about May 30, 2024, Melvin Andrews, Monique King, Felix Rice, Jr., and Patricia Rice ("Plaintiffs"), as the surviving children of the deceased, Felix Rice, initiated this action by filing a Petition for Damages in State Court, naming Nexion Health Management, Inc. ("Nexion Management") and Nexion Health at Minden, Inc. d/b/a Meadowview Health & Rehab Center ("Nexion Health") (collectively, "Defendants") as defendants in an action raising an administrative negligence claim against Nexion Management and an intentional fraud claim against Defendants. (R. Doc. 1-1).

In the Petition for Damages, Plaintiffs allege that Mr. Rice was a nursing home resident at the Meadowview Health & Rehab Center ("Meadowview") from February 2020 until his death on July 28, 2023. (R. Doc. 1-1 at 6). While at Meadowview, Mr. Rice allegedly suffered

injuries and indignities, including, but not limited to, avoidable pressure injuries, due to the lack of a sufficient amount of nursing service personnel at Meadowview. (R. Doc. 1-1 at 6.) Plaintiffs allege that the injuries Mr. Rice developed while a resident at Meadowview hastened his demise and caused or substantially contributed to his death. (R. Doc. 1-1 at 7).

Defendants removed the action on July 11, 2024, asserting this Court can properly exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332. (R. Doc. 1). Defendants then filed a motion to dismiss. (R. Doc. 4). In support of their motion to dismiss, Defendants argued, in part, that Plaintiffs' claims were premature as the case had not yet been submitted to a medical review panel in accordance with the Louisiana Medical Malpractice Act ("LMMA"). (R. Doc. 4-1 at 4). The Court denied the motion to dismiss as to the administrative negligence claim on the grounds that Nexion Management was not a qualified healthcare provider at the time Mr. Rice's stay at Meadowview began. (R. Doc. 23 at 6-7). Additionally, the Court denied the motion to dismiss as to the fraud claims on the grounds that Plaintiffs' fraud claims fall under the intentional tort exception to the LMMA. (R. Doc. 23 at 10).

Plaintiffs filed two Motions to Compel on March 17, 2026, and March 18, 2026, respectively, against Nexion Health, seeking supplemental responses to their requests for admissions, interrogatories, and requests for production. (R. Docs. 43 and 44). On August 12, 2026, the Court granted the Motions to Compel in part and denied the Motions to Compel in part, requiring Nexion Health to provide supplemental responses to Requests for Admission Nos. 2, 7, and 17-18; Interrogatory Nos. 2, 3-5, 7, 9, 11, 13, and 18-19; and Requests for Production Nos. 1-2, 4, 6-7, 11-12, 15, 17, 23-26, and 27, as provided in the body of the Order. (R. Doc. 69).

On August 20, 2026, Plaintiffs filed the instant Motion to Compel Complete Responses to Plaintiffs' Requests for Production of Documents against Nexion Management. (R. Doc. 70).

Plaintiffs had served two separate sets of requests for production of documents to Nexion Management. (R. Doc. 70-2 at 3-4). First, Plaintiffs served their First Request for Production of Documents on July 26, 2024 (R. Doc. 70-3), which Nexion Management provided objections and responses to on September 3, 2024 (R. Doc. 70-5). Following the entry of the Protective Order (R. Doc. 19), Nexion Management provided its first supplemental objections and responses on October 1, 2024 (R. Doc. 70-6). Second, Plaintiffs served a request for production of documents accompanying their Rule 30(b)(6) notice of deposition of Nexion Management on June 17, 2026 (R. Doc. 70-7), to which Nexion Management served objections and responses on July 14, 2026 (R. Doc. 70-8).

Plaintiffs filed the Motion to Expedite contemporaneously with the Motion to Compel. (R. Doc. 71). Nexion Management filed its Opposition to the Motion to Compel on September 10, 2026. (R. Doc. 76).

## II. Motion to Compel (R. Doc. 70)

### A. Legal Standards

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this

scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

The court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

Rule 34 of the Federal Rules of Civil Procedure provides for the discovery of documents and tangible items. A party seeking discovery must serve a request for production on the party believed to be in possession, custody, or control of the documents or other evidence. Fed. R. Civ. P. 34(a). The request is to be in writing and must set forth, among other things, the desired items with "reasonable particularity." Fed. R. Civ. P. 34(b)(1)(A).

"The party to whom the request is directed must respond in writing within 30 days after being served." Fed. R. Civ. P. 34(b)(2)(A). This default date may be modified by stipulation between the parties. Fed. R. Civ. P. 29(b). If a party fails to provide initial disclosures or fully respond to discovery requests, the party seeking discovery may move to compel disclosures and

responses and appropriate sanctions under Rule 37. An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

**B. First Request for Production of Documents (R. Doc. 70-3)**

As an initial matter, Plaintiffs argue Nexion Management provided untimely responses to Plaintiffs' First Request for Production of Documents, thereby waiving all objections thereto. (R. Doc. 70-2 at 6). When a party does not provide timely objections to interrogatories or requests for production, the party has waived their objections to these discovery requests, with the exception of those pertaining to any applicable privileges or immunities. *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."); *B&S Equip. Co. v. Truckle Servs., Inc.*, No. 09-3862, 2011 WL 2637289, at *6 (E.D. La. July 6, 2011) (finding waiver of all objections to "discovery requests based on relevance, unduly burdensome, over broad, or any other objection not grounded on the attorney client or the work product privilege.").

Plaintiffs served their First Request for Production of Documents on July 26, 2024, but Nexion Management did not respond to the requests until September 3, 2024. (R. Doc. 70-5). However, Nexion Management has provided emails between counsel confirming an extension to respond until September 3, 2026. (R. Doc. 76-2). Rule 29 allows parties to stipulate to allow untimely objections to written discovery after the 30-day deadline provided by Rule 34, which the parties have done. Therefore, Nexion Management's responses are timely, and its objections are not waived.

### i. Request for Production No. 1

**REQUEST FOR PRODUCTION NO. 1:** Please provide all insurance agreements and policies which afford or may afford coverage to **YOU** and/or any named Defendant in this action, and/or any of **YOUR** or any named Defendant's agents, employees, or officers, for any conduct alleged in the operative petition.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:** Nexion objects to Request for Production No. 1 to the extent that it seeks privileged and confidential information. Nexion further objects to this request on the basis that it is overly broad, unduly burdensome, and vague. Additionally, Nexion objects to this request as it seeks information that neither relevant nor proportional to the needs of the case. Subject to and without waiving said objections, Nexion will produce non-privileged, responsive documents in accordance with the terms of an Agreed Protective Order in this matter and subject to redactions of certain confidential information as appropriate.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 1:** Subject to the foregoing objections, as well as the Protective Order issued by this Court [R. Doc. 19], please see attached Primary Long Term Care Liability Policy Declarations attached hereto at Nexion – Rice – 000001 – 000003.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 1:** Nexion adopts by reference its original objections and responses to Request No. 1, above. Subject to and without waiving any objection, Nexion refers Plaintiffs to the following document previously produced by Meadowview:

- "Primary Long Term Care Liability Policy Declarations"

which is marked with bates stamp numbers NEXION- RICE 011954-011988, and is being produced pursuant to the Protective Order entered in this matter. Nexion reserves its right to supplement and/or amend this discovery response in the future as information changes or becomes available.

Plaintiffs argue Nexion Management, as of the date of the Motion to Compel, has not provided the insurance policies requested. (R. Doc. 70-2 at 13). Defendants assert that the issue is moot because Nexion Health, a separate party, provided the full insurance policy on August 26, 2026, and Nexion Health has amended its response to Request for Production No. 1 to reference the insurance agreement produced by Nexion Health. (R. Doc. 76 at 7-8).

Plaintiffs are entitled to "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or

reimburse for payments made to satisfy the judgment." Fed. Rule Civ. Proc. 26(a)(1)(A)(iv). As Nexion Management and Nexion Health are different parties, the Court requires Nexion Management to respond to Request for Production No. 1 independent of Nexion Health's responses. Without further information regarding the contents of the insurance policy, it is unclear whether the insurance policy refers to both Defendants or refers solely to Nexion Health. Therefore, to the extent the relevant agreements and policies have not been provided by Nexion Management, this Court will order Nexion Management to produce any relevant insurance agreements and policies in response to Request for Production No. 1.

**ii. Request for Production No. 3**

> **REQUEST FOR PRODUCTION NO. 3:** All **DOCUMENTS** which were provided to **YOU** by the **FACILITY** and/or authored by **YOU** to the **FACILITY** relating to staffing and/or the staffing levels in the **FACILITY** during the time period during which Felix Rice was a resident in the **FACILITY**. (The names of all residents other than Felix Rice should be redacted from the production.)
>
> **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:** Defendants object to this Interrogatory as Premature as these claims are subject to the LMMA (La. R.S. 40:1231.8 *et seq.*). Further, Nexion objects to this request on the basis that it is overly broad, unduly burdensome, and vague. In addition, Request for Production No. 3 seeks information that may be equally available to both parties through publicly available databases. Finally, Nexion objects to Request for Production No. 3 to the extent that it seeks documents that may contain confidential and/or proprietary information that will only be produced upon the parties entering into a mutually agreeable Protective Order. Subject to and without waiving said objections, Nexion will produce non-privileged, responsive documents in accordance with the terms of an Agreed Protective Order in this matter and subject to redactions of certain confidential information as appropriate.
>
> **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 3:** Subject to the foregoing objections, as well as the Protective Order issued by this Court [R. Doc. 19], Nexion supplements its Response to Request for Production No. 3 as follows: Defendant further objects to Request for Production No. 3 as impermissibly compound. Please see Emergency Staffing Strategy attached hereto at NEXION – RICE – 000030 – 000031.
>
> **SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 3:** Nexion adopts by reference its original and first

supplemental objections and responses to Request No. 3, above. Subject to and without waiving any objection, Nexion refers to the following documents previously produced by Meadowview to Plaintiffs:

- Payroll Based Journal reports produced and Punch Detail Reports which are produced pursuant to the Protective Order entered in this matter, NEXION – RICE - 007264 to 011796.
- Meadowview Hours Report, which are marked with bates stamp numbers NEXION-RICE 012057 and which is produced pursuant to the Protective Order entered in this matter.

The parties have agreed to limit the temporal scope of this request to the period of October 1, 2021 through July 22, 2023. (R. Doc. 70-25 at 13). Nexion Management argues it produced the facility census, and upon the Court Order, Nexion Health produced Daily MDS Census Reports, email communications, and documents pertaining to the census. Nexion Management then references the documents produced by Nexion Health in its response to Request for Production No. 3, arguing this response moots the dispute regarding Request for Production No. 3. (R. Doc. 76 at 9).

As Nexion Management and Nexion Health are different parties, the Court requires Nexion Management to respond to Request for Production No. 3 independent of Nexion Health's responses. Further, reference to Nexion Health's production is non-responsive. Request for Production No. 3 seeks documents exchanged between Meadowview and Nexion Management relating to staffing levels at Meadowview during Mr. Rice's residency, while Nexion Health's responses provided communications and documents exchanged between Meadowview and Nexion Health. The information requested is within the scope of discovery regarding Plaintiffs' negligence and fraud claims, the Protective Order in place remedies confidentiality concerns, and the Court has dismissed Defendants' LMMA defense. Therefore, to the extent the documents have not been provided by Nexion Management, this Court will order Nexion Management to produce any documents responsive to Request for Production No. 3.

**iii. Request for Production No. 4**

**REQUEST FOR PRODUCTION NO. 4:** All **DOCUMENTS** which were provided to **YOU** by the **FACILITY** and/or authored by **YOU** to the **FACILITY** relating to the census levels in the **FACILITY** during the time period during which Felix Rice was a resident in the **FACILITY**. (The names of all residents other than Felix Rice should be redacted from the production.)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:** Defendants object to this Interrogatory as Premature as these claims are subject to the LMMA (La. R.S. 40:1231.8 *et seq.*). Nexion further objects to Request for Production No. 4 to the extent that it seeks documents that may contain confidential and/or proprietary information that will only be produced upon the parties entering into a mutually agreeable Protective Order. Further, Nexion objects to this request on the basis that it is overly broad, unduly burdensome, and vague. Subject to and without waiving said objections, Nexion will produce non-privileged, responsive documents in accordance with the terms of an Agreed Protective Order in this matter and subject to redactions of certain confidential information as appropriate.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 4:** Subject to the foregoing objections, as well as the Protective Order issued by this Court [R. Doc. 19], Nexion supplements its Response to Request for Production No. 4 as follows: Please see Facility Census attached hereto at NEXION – RICE - 000004 to 000007.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 4:** Nexion adopts by reference its original and first supplemental objections and responses to Request No. 4, above. Subject to and without waiving any objection, Nexion refers to the following documents previously produced by Meadowview to Plaintiffs:

- "Daily MDS Census Reports, which are marked with bates stamp numbers NEXION-RICE 012058-012077 and which are being produced pursuant to the Protective Order entered in this matter.

The parties have agreed to limit the temporal scope of this request to the period of October 1, 2021 through July 22, 2023. (R. Doc. 70-25 at 13). Nexion Management argues the dispute regarding Request for Production No. 4 is moot due to it incorporating Nexion Health's discovery responses. (R. Doc. 76 at 10). However, again, since Nexion Management and Nexion Health are different parties, the Court requires Nexion Management to respond to Request for Production No. 4 independent of Nexion Health's responses.

Further, reference to Nexion Health's production is non-responsive as Request for Production No. 4 seeks documents exchanged between Meadowview and Nexion Management relating to census levels at Meadowview during Mr. Rice's residency, while Nexion Health's responses provided documents exchanged between Meadowview and Nexion Health. The information requested is within the scope of discovery regarding Plaintiffs' negligence and fraud claims, the Protective Order in place remedies confidentiality concerns, and the Court has dismissed Defendants' LMMA defense. Therefore, to the extent the documents have not been provided by Nexion Management, this Court will order Nexion Management to produce any documents responsive to Request for Production No. 4.

### iv. Requests for Production Nos. 5-6

> **REQUEST FOR PRODUCTION NO. 5:** All **DOCUMENTS** which were provided to **YOU** by the **FACILITY** and/or authored by **YOU** to the **FACILITY** referencing, in whatsoever manner, financial expenditures as to **NURSING CARE** provided to residents in the **FACILITY** during the time period during which Felix Rice was a resident in the **FACILITY**. (The term "**NURSING CARE**" as utilized in this inquiry means those "nursing care and services in accordance with La. Admin. Code tit. 48 § I-9825(A). The names of all residents other than Felix Rice should be redacted from the production.)
>
> **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:** Defendants object to this Interrogatory as Premature as these claims are subject to the LMMA (La. R.S. 40:1231.8 *et seq.*). Further, Nexion objects to the extent it seeks documents that are neither relevant nor proportional to the needs of the case. In addition, Nexion objects to the extent Request for Production No. 5 is overbroad, unduly burdensome and not sufficiently limited to the treatment received by Felix Rice such that it constitutes a fishing expedition. Finally, Nexion further objects to Request for Production No. 5 to the extent that it seeks documents that may contain confidential and/or proprietary information that will only be produced upon the parties entering into a mutually agreeable Protective Order.
>
> **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 5:** Subject to the foregoing objections, Nexion supplements its Response to Request for Production No. 5 as follows: Nexion supports its facilities by providing industry trends, best practices, and PPD recommendations based on census trends. The individual facility evaluates its needs based on census, acuity, staff capability, and capacity. The individual facility will then make adjustments,

depending on the patients' needs, as those needs fluctuate. Nexion reserves the right to supplement this response should additional responsive, non-privileged, documents be identified.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 5:** Nexion adopts by reference its original and first supplemental objections and responses to Request No. 5, above. Nexion refers to the following documents previously produced by Meadowview to Plaintiffs:

- PBJ Individual Daily Staffing Reports and which are being produced pursuant to the Protective Order entered in this matter., NEXION-RICE-014378-016096;
- Email communications and associated documents pertaining to Requests for Production of Documents Nos. 23-26 issued to Meadowview. NEXION-RICENEXION-RICE-017267 to 021727.

**REQUEST FOR PRODUCTION NO. 6:** All **DOCUMENTS** which were provided to **YOU** by the **FACILITY** and/or authored by **YOU** to the **FACILITY** relating to operating expenses for nursing staff at the **FACILITY** during the time period during which Felix Rice was a resident in the **FACILITY**. (The names of all residents other than Felix Rice should be redacted from the production.)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:** Defendants object to this Interrogatory as Premature as these claims are subject to the LMMA (La. R.S. 40:1231.8 *et seq.*). Further, Nexion objects to the extent Request for Production No. 6 is overbroad, unduly burdensome and not sufficiently limited to the treatment received by Felix Rice such that it constitutes a fishing expedition. Finally, Nexion objects to Request for Production No. 6 to the extent that it seeks documents that may contain confidential and/or proprietary information that will only be produced upon the parties entering into a mutually agreeable Protective Order. Further, Nexion objects to the extent it seeks documents that are neither relevant nor proportional to the needs of the case.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 6:** Subject to the foregoing objections, Nexion supplements its Response to Request for Production No. 6 as follows: Nexion supports its facilities by providing industry trends, best practices, and PPD recommendations based on census trends. The individual facility evaluates its needs based on census, acuity, staff capability, and capacity. The individual facility will then make adjustments, depending on the patients' needs, as those needs fluctuate. Nexion reserves the right to supplement this response should responsive, non-privileged documents be identified.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 6:** Nexion adopts by reference its original and first supplemental objections and responses to Request No. 6, above. Nexion refers to the following documents previously produced by Meadowview to Plaintiffs:

- PBJ Individual Daily Staffing Reports and which are being produced pursuant to the Protective Order entered in this matter. NEXION-RICE-014378-016096;
- Email communications and associated documents pertaining to Requests for Production of Documents Nos. 23-26 issued to Meadowview and which are being produced pursuant to the Protective Order entered in this matter. NEXION- RICENEXION-RICE-017267 to 021727.

Plaintiffs limit these requests to the temporal period of October 1, 2021 through July 22, 2023. (R. Doc. 70-2 at 16). Request for Production No. 5 seeks documents between Nexion Management and Meadowview referencing “financial expenditures as to nursing care provided to residents” at Meadowview, while Request for Production No. 6 seeks documents between Nexion Management and Meadowview relating to “operating expenses for nursing staff” at Meadowview. Plaintiffs argue that these documents go directly to Plaintiffs’ allegations that Defendants diverted resources necessary for resident care to profit, resulting in understaffing, and that Nexion Management exerted operational control over the facility’s resources for staffing. (R. Doc. 70-2 at 16). The Court agrees the requests are within the scope of discovery.

Nexion Management argues the Court has previously denied similar requests to Nexion Health, but those requests were denied on the basis of overbreadth as the requests sought emails between multiple individuals pertaining to multiple topics or sought emails regarding specific search terms. (R. Doc. 69 at 32-35). Also, Nexion Management argues its supplemental response referencing documents produced by Nexion Health moots the discovery dispute. However, since Nexion Management and Nexion Health are different parties, the Court requires Nexion Management to respond independently to Nexion Health’s responses. Reference to Nexion Health’s production is non-responsive as the requests seek documents exchanged between Meadowview and Nexion Management, while Nexion Health’s responses provided documents exchanged between Meadowview and Nexion Health.

The information requested is within the scope of discovery regarding Plaintiffs' negligence and fraud claims, the Protective Order in place remedies confidentiality concerns, and the Court has dismissed Defendants' LMMA defense. Requests for Production Nos. 5-6 are more limited than the requests referenced in the Court's Order referenced by Defendants, so the Court will order Nexion Management to produce responsive documents.

**v. Requests for Production Nos. 7-8**

**REQUEST FOR PRODUCTION NO. 7:** All **DOCUMENTS** which were provided to **YOU** by the **FACILITY** and/or authored by **YOU** to the **FACILITY** relating to any regulatory compliance issues during the time period during which Felix Rice was a resident in the **FACILITY**. (The names of all residents other than Felix Rice should be redacted from the production.)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:** Defendants object to this Interrogatory as Premature as these claims are subject to the LMMA (La. R.S. 40:1231.8 *et seq.*). Further, Nexion objects to the extent Request for Production No. 7 is overbroad, impermissibly vague unduly burdensome. Specifically, the term "regulatory compliance issues" is undefined and unlimited in scope. In addition, Request for Production No. 8 is overbroad and unduly burdensome as it is not sufficiently limited to the treatment received by Felix Rice such that it constitutes a fishing expedition. Finally, Nexion further objects to Request for Production No. 7 to the extent that it seeks documents that may contain confidential and/or proprietary information that will only be produced upon the parties entering into a mutually agreeable Protective Order. Further, Nexion objects to the extent it seeks documents that are neither relevant nor proportional to the needs of the case.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 7:** Subject to the foregoing objections, as well as the Protective Order issued by this Court [R.Doc. 19], Nexion supplements its Response to Request for Production No. 7 as follows: Nexion is not aware of any "regulatory compliance issues" during the time Felix Rice was a resident at the facility. Nexion reserves the right to supplement this response should additional, non-privileged or protected, responsive documents be located.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 7:** Nexion adopts by reference its original and first supplemental objections and responses to Request No. 7, above. Nexion refers to the following documents previously produced by Meadowview to Plaintiffs:

- Louisiana Department of Health Survey and associated correspondence and which are being produced pursuant to the Protective Order entered in this matter. NEXION-RICE-000008-000029;
- Generally email communications and associated documents pertaining to Requests for Production of Documents Nos. 23-26 issued to Meadowview. This production does contain interactions with the Louisiana Department of Health and which are being produced pursuant to the Protective Order entered in this matter. NEXIONRICE-017267 to 021727.

**REQUEST FOR PRODUCTION NO. 8:** All **DOCUMENTS** which were provided to **YOU** by the **FACILITY** and/or authored by **YOU** to the **FACILITY** relating to any interaction between the Louisiana Department of Health and the **FACILITY** during the time period during which Felix Rice was a resident in the **FACILITY**. (The names of all residents other than Felix Rice should be redacted from the production.)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:** Defendants object to this Interrogatory as Premature as these claims are subject to the LMMA (La. R.S. 40:1231.8 *et seq.*). Nexion further objects to this request on the basis that "any interaction" is impermissibly vague and overly broad. In addition, Nexion objects to the extent it seeks documents that are neither relevant nor proportional to the needs of the case. Nexion also objects to the extent Request for Production No. 8 is not sufficiently limited to the treatment received by Felix Rice, such that it constitutes a fishing expedition. Finally, Nexion objects to Request for Production No. 8 to the extent that it seeks documents that may contain confidential and/or proprietary information that will only be produced upon the parties entering into a mutually agreeable Protective Order.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 8:** Subject to the foregoing objections, as well as the Protective Order issued by this Court [R.Doc. 19], Nexion supplements its Response to Request for Production No. 8 as follows: On information and belief, LDH surveys and plans of correction are matters of public record equally available to both parties. Nevertheless, please see August 9, 2023, survey and plan of correction attached hereto at NEXION-RICE-000008-000029. Nexion specifically reserves the right to supplement this response should additional, non-privileged or protected, documents become available as discovery progresses.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 8:** Nexion adopts by reference its original and first supplemental objections and responses to Request No. 8, above. Nexion refers to the following documents previously produced by Meadowview to Plaintiffs:

- Louisiana Department of Health Survey and associated correspondence and which are being produced pursuant to the Protective Order entered in this matter. NEXION-RICE-000008-000029;

- General email communications and associated documents pertaining to Requests for Production of Documents Nos. 23-26 issued to Meadowview. This production does contain interactions with the Louisiana Department of Health and which are being produced pursuant to the Protective Order entered in this matter. NEXIONRICE-017267 to 021727.

Plaintiffs limit these requests to the temporal period of October 1, 2021 through July 22, 2023. (R. Doc. 70-2 at 17). Request for Production No. 7 seeks documents and emails exchanged between Nexion Management and Meadowview regarding regulatory compliance issues, while Request for Production No. 8 seeks documents and emails exchanged between Nexion Management and Meadowview relating to any interaction with the Louisiana Department of Health. Plaintiffs argue that these documents go directly to Nexion Management's involvement in the facility's operations, its operational control over the facility, and its knowledge of regulatory deficiencies. (R. Doc. 70-2 at 17). The Court agrees the requests are within the scope of discovery.

Nexion Management argues the request is moot since its response references the documents produced by Nexion Health. (R. Doc. 76 at 13). However, since Nexion Management and Nexion Health are different parties, the Court requires Nexion Management to respond independently to Nexion Health's responses. Reference to Nexion Health's production is non-responsive as the requests seek documents and emails exchanged between Meadowview and Nexion Management, while Nexion Health's responses provided documents and emails exchanged between Meadowview and Nexion Health. The information requested is within the scope of discovery regarding Plaintiffs' negligence and fraud claims, the Protective Order in place remedies confidentiality concerns, and the Court has dismissed Defendants' LMMA defense. The Court will order Nexion Management to produce responsive documents to Requests for Production Nos. 7-8.

**vi. Requests for Production Nos. 9-10**

**REQUEST FOR PRODUCTION NO. 9:** All **DOCUMENTS** which were provided to **YOU** by the **FACILITY** and/or authored by **YOU** to the **FACILITY** during the time period during which Felix Rice was a resident in the **FACILITY** relating to any resident complaints as to the operations of the **FACILITY**, including the provision of **NURSING CARE** at the **FACILITY**. (The names of all residents other than Felix rice should be redacted from the production.)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:** Defendants object to this Interrogatory as Premature as these claims are subject to the LMMA (La. R.S. 40:1231.8 *et seq.*). Nexion further objects to this request on the basis that the language "any resident complaints" and "operations" is vague, overly broad, and unduly burdensome. Further, Nexion objects to the extent it seeks documents that are neither relevant nor proportional to the needs of the case. Further, pursuant to the Louisiana Peer Review process, hospital incident reports are confidential information and are not subject to discovery. Finally, Nexion objects to Request for Production No. 9 to the extent that it seeks documents that may contain confidential and/or proprietary information that will only be produced upon the parties entering into a mutually agreeable Protective Order.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 9:** Subject to the foregoing objections, as well as the Protective Order issued by this Court [R. Doc. 19], Nexion supplements its Response to Request for Production No. 9 as follows: Nexion has requested additional documents regarding "complaints" pertaining to the "provision of NURSING CARE at the facility" during the time Felix Rice was a resident, and Nexion will produce responsive, non-privileged documents upon receipt.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 9:** Nexion adopts by reference its original and first supplemental objections and responses to Request No. 9, above. Nexion refers to the following documents previously produced by Meadowview to Plaintiffs:

- "Incident Reports" pertaining to Felix Rice between January 15, 2022 and October 5, 2022, which are marked with bates stamp numbers NEXION-RICE 011989-012056 and which are being produced pursuant to the Protective Order entered in this matter.
- Complaints received by Meadowview between August 1, 2019 and July 22, 2023, which are marked with bates stamp numbers NEXION – RICE 017230-017266 and which are being produced pursuant to the Protective Order entered in this matter.
- General email communications and associated documents pertaining to Requests for Production of Documents Nos. 23-26 issued to Meadowview. This production does contain interactions with the Louisiana Department of Health and which are being produced pursuant to the Protective Order entered in this matter. NEXION-RICE-017267 to 021727.

**REQUEST FOR PRODUCTION NO. 10:** All **DOCUMENTS** which were provided by **YOU** to the **FACILITY** and/or authored by **YOU** to the **FACILITY** during the time period during which Felix Rice was a resident in the **FACILITY**, relating to any complaints by **FACILITY** staff as to the operations of the **FACILITY**, staffing issues, and/or the treatment being provided to residents. (The names of all residents other than Felix Rice should be redacted from the production.)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:** Defendants object to this Interrogatory as Premature as these claims are subject to the LMMA (La. R.S. 40:1231.8 *et seq.*). Nexion further objects to this request on the basis that the language "any resident complaints" and "operations" is vague, overly broad, and unduly burdensome. Further, Nexion objects to the extent it seeks documents that are neither relevant nor proportional to the needs of the case. Finally, pursuant to the Louisiana Peer Review process, hospital incident reports are confidential information and are not subject to discovery. Finally, Nexion objects to Request for Production No. 10 to the extent that it seeks documents that may contain confidential and/or proprietary information that will only be produced upon the parties entering into a mutually agreeable Protective Order.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 10:** Subject to the foregoing objections, as well as the Protective Order issued by this Court [R. Doc. 19], Nexion supplements its Response to Request for Production No. 10 as follows: Nexion has requested additional documents regarding "complaints" pertaining to the "provision of NURSING CARE at the facility" during the time Felix Rice was a resident, and Nexion will produce responsive, non-privileged documents upon receipt.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 10:** Nexion adopts by reference its original and first supplemental objections and responses to Request No. 10, above. Nexion refers to the following documents previously produced by Meadowview to Plaintiffs:

- "Incident Reports" pertaining to Felix Rice between January 15, 2022 and October 5, 2022, which are marked with bates stamp numbers NEXION-RICE 011989-012056 and which are being produced pursuant to the Protective Order entered in this matter.
- Complaints received by Meadowview between August 1, 2019 and July 22, 2023, which are marked with bates stamp numbers NEXION – RICE 017230-017266 and which are being produced pursuant to the Protective Order entered in this matter.
- General email communications and associated documents pertaining to Requests for Production of Documents Nos. 23-26 issued to Meadowview. This production does contain interactions with the Louisiana Department of Health and which are being produced pursuant to the Protective Order entered in this matter. NEXION-RICE-017267 to 021727.

The requests seek documents exchanged between Nexion Management and Meadowview regarding resident complaints as to the operations of the facility (No. 9) and facility staff complaints as to the facility operations, staffing issues, and the treatment of residents (No. 10). Plaintiffs limit these requests to the temporal period of October 1, 2021 through July 22, 2023. (R. Doc. 70-2 at 19). Plaintiffs argue that these documents are relevant because they may show a pattern of understaffing and complaints bearing on Defendants' knowledge of understaffing prior to Mr. Rice becoming a resident. (R. Doc. 70-2 at 19). The Court agrees the requests are within the scope of discovery as the documents may be relevant to Plaintiffs' claims and are sufficiently limited in scope.

Nexion Management argues the request is moot since its response references the documents produced by Nexion Health. (R. Doc. 76 at 15). However, since Nexion Management and Nexion Health are different parties, the Court requires Nexion Management to respond independently to Nexion Health's responses. Reference to Nexion Health's production is non-responsive as the requests seek documents exchanged between Meadowview and Nexion Management, while Nexion Health's responses provided documents exchanged between Meadowview and Nexion Health. The information requested is within the scope of discovery regarding Plaintiffs' negligence and fraud claims, the Protective Order in place remedies confidentiality concerns, and the Court has dismissed Defendants' LMMA defense. The Court will order Nexion Management to produce responsive documents to Requests for Production Nos. 9-10. If any information protected by HIPAA is contained in the responsive documents, Nexion Health shall redact this information prior to production.

**vii. Request for Production No. 11**

**REQUEST FOR PRODUCTION NO. 11:** All **DOCUMENTS** sent by **YOU** and/or **YOUR** agents, employees or representatives (this includes **YOUR**

attorneys) sent to any former employee(s) of the **FACILITY** which in any manner reference Felix Rice or the subject matter of this litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:** Nexion objects to Request for Production No. 11 on the basis that it is overly broad, vague, and unduly burdensome. Further, Nexion objects to the extent it seeks documents that are neither relevant nor proportional to the needs of the case. Nexion also objects to this request to the extent that it could potentially seek information protected by the attorney-client privilege, or that constitutes attorney work-product. Subject to the foregoing, Defendants are not aware of any documents responsive to this request.

Request for Production No. 11 seeks all communications between defense counsel and former facility employees regarding the instant litigation or Mr. Rice. Nexion Management states that it has answered Request for Production of Documents No. 11 completely by stating that "Defendants are not aware of any documents responsive to this request," rendering the discovery dispute moot. (R. Doc. 76 at 16). The Court agrees that Nexion Management's response stating that no responsive documents exist is sufficient to respond to Request for Production No. 11. If responsive documents are discovered, Nexion Management is required to supplement its response. *See* Fed. R. Civ. P. 26(e).

### C. Notice of 30(b)(6) Deposition Requests for Production (R. Doc. 70-7)

#### i. Requests for Production Nos. 12-15

**REQUEST FOR PRODUCTION NO. 12:** Please provide all **DOCUMENTS** which were authored by Rebecca Myles and/or which list Rebecca Myles as a recipient, be it primary or otherwise, created during the time period of September 13, 2019, to July 22, 2023 which reference, in whatsoever manner:

- The staffing of the **FACILITY** of those who provided **NURSING CARE** to **FACILITY** residents;
- The census of residents in the **FACILITY**;
- Complaints as to the **FACILITY** provision of **NURSING CARE** to residents of the **FACILITY**;
- The **FACILITY** compliance with applicable rules, laws and regulations governing the operations of a Louisiana skilled nursing facility;
- The **FACILITY** interaction with the Louisiana Department of Health; and/or
- The **FACILITY** budgets.

(The names of all **FACILITY** residents other than Felix Rice should be redacted from the production.)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:** Nexion objects to Request for Production No. 12 on the basis that it seeks documentation neither relevant nor proportional to the needs of this matter, nor is the information likely to lead to the discovery of admissible evidence. Specifically, the information sought extends beyond the care and treatment Mr. Rice received while he was a Meadowview resident. The information sought also directly pertains to a governing board member's involvement with Meadowview and does not directly impact the specific care and treatment that Mr. Rice received. Nexion further objects to this request to the extent that the word "budgets" is overly broad and impermissibly vague, as it is undefined and not sufficiently limited to the issues raised in this matter. Nexion cannot and will not assume the documents Plaintiff seeks to further substantiate his claims against either Defendant. Additionally, Nexion objects to this request to the extent that it seeks information more easily or equally accessible to Plaintiff, including interactions with the Louisiana Department of Health, which are publicly available and obtainable online. Finally, Nexion objects to this request on the basis that an identical request is currently subject to pending Motions to Compel [R. Docs.43, 44, 53, and 54]. Nexion adopts and incorporates the objections and positions forwarded by either Meadowview or Nexion in all prior discovery responses and Memoranda in Opposition to Plaintiffs' Motions to Compel. [R. Doc. 53 and 54].

**REQUEST FOR PRODUCTION NO. 13:** Please provide all **DOCUMENTS** which were authored by Hattie Holly and/or which list Hattie Holly as a recipient, be it primary or otherwise, created during the time period of September 13, 2019 to July 22, 2023 which reference, in whatsoever manner:

- The staffing of the **FACILITY** of those who provided **NURSING CARE** to **FACILITY** residents;
- The census of residents in the **FACILITY**;
- Complaints as to the **FACILITY** provision of **NURSING CARE** to residents of the **FACILITY**;
- The **FACILITY** compliance with applicable rules, laws and regulations governing the operations of a Louisiana skilled nursing facility;
- The **FACILITY** interaction with the Louisiana Department of Health; and/or
- The **FACILITY** budgets.

(The names of all **FACILITY** residents other than Felix Rice should be redacted from the production.)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:** Nexion objects to Request for Production No. 13 on the basis that it seeks documentation neither relevant nor proportional to the needs of this matter, nor is the information likely to lead to the discovery of admissible evidence. Specifically, the information sought extends beyond the care and treatment Mr. Rice received while he was a

Meadowview resident. The information sought also directly pertains to a governing board member's involvement with Meadowview and does not directly impact the specific care and treatment that Mr. Rice received. Nexion further objects to this request to the extent that the word "budgets" is overly broad and impermissibly vague, as it is undefined and not sufficiently limited to the issues raised in this matter. Nexion cannot and will not assume the documents Plaintiff seeks to further substantiate his claims against either Defendant. Additionally, Nexion objects to this request to the extent that it seeks information more easily or equally accessible to Plaintiff, including interactions with the Louisiana Department of Health, which are publicly available and obtainable online. Finally, Nexion objects to this request on the basis that an identical request is currently subject to pending Motions to Compel [R. Docs. 43, 44, 53, and 54]. Nexion adopts and incorporates the objections and positions forwarded by either Meadowview or Nexion in all prior discovery responses and Memoranda in Opposition to Plaintiffs' Motions to Compel. [R. Doc. 53 and 54].

**REQUEST FOR PRODUCTION NO. 14:** Please provide all **DOCUMENTS** which were authored by Don Sowell and/or which list Don Sowell as a recipient, be it primary or otherwise, created during the time period of September 13, 2019 to July 22, 2023 which reference, in whatsoever manner:

- The staffing of the **FACILITY** of those who provided **NURSING CARE** to **FACILITY** residents;
- The census of residents in the **FACILITY**;
- Complaints as to the **FACILITY** provision of **NURSING CARE** to residents of the **FACILITY**;
- The **FACILITY** compliance with applicable rules, laws and regulations governing the operations of a Louisiana skilled nursing facility;
- The **FACILITY** interaction with the Louisiana Department of Health; and/or
- The **FACILITY** budgets.

(The names of all **FACILITY** residents other than Felix Rice should be redacted from the production.)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:** Nexion objects to Request for Production No. 14 on the basis that it seeks documentation neither relevant nor proportional to the needs of this matter, nor is the information likely to lead to the discovery of admissible evidence. Specifically, the information sought extends beyond the care and treatment Mr. Rice received while he was a Meadowview resident. The information sought also directly pertains to a governing board member's involvement with Meadowview and does not directly impact the specific care and treatment that Mr. Rice received. Nexion further objects to this request to the extent that the word "budgets" is overly broad and impermissibly vague, as it is undefined and not sufficiently limited to the issues raised in this matter. Nexion cannot and will not assume the documents Plaintiff seeks to further substantiate his claims against either Defendant. Additionally, Nexion objects to this request to the extent that it seeks information more easily or

equally accessible to Plaintiff, including interactions with the Louisiana Department of Health, which are publicly available and obtainable online. Finally, Nexion objects to this request on the basis that an identical request is currently subject to pending Motions to Compel [R. Docs. 43, 44, 53, and 54]. Nexion adopts and incorporates the objections and positions forwarded by either Meadowview or Nexion in all prior discovery responses and Memoranda in Opposition to Plaintiffs' Motions to Compel. [R. Doc. 53 and 54].

**REQUEST FOR PRODUCTION NO. 15:** Please provide all **DOCUMENTS** which were authored by Donna Boudreaux and/or which list Donna Boudreaux as a recipient, be it primary or otherwise, created during the time period of September 13, 2019 to July 22, 2023 which reference, in whatsoever manner:

- The staffing of the **FACILITY** of those who provided **NURSING CARE** to **FACILITY** residents;
- The census of residents in the **FACILITY**;
- Complaints as to the **FACILITY** provision of **NURSING CARE** to residents of the **FACILITY**;
- The **FACILITY** compliance with applicable rules, laws and regulations governing the operations of a Louisiana skilled nursing facility;
- The **FACILITY** interaction with the Louisiana Department of Health; and/or
- The **FACILITY** budgets.

(The names of all **FACILITY** residents other than Felix Rice should be redacted from the production.)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:** Nexion objects to Request for Production No. 15 on the basis that it seeks documentation neither relevant nor proportional to the needs of this matter, nor is the information likely to lead to the discovery of admissible evidence. Specifically, the information sought extends beyond the care and treatment Mr. Rice received while he was a Meadowview resident. The information sought also directly pertains to a governing board member's involvement with Meadowview and does not directly impact the specific care and treatment that Mr. Rice received. Nexion further objects to this request to the extent that the word "budgets" is overly broad and impermissibly vague, as it is undefined and not sufficiently limited to the issues raised in this matter. Nexion cannot and will not assume the documents Plaintiff seeks to further substantiate his claims against either Defendant. Additionally, Nexion objects to this request to the extent that it seeks information more easily or equally accessible to Plaintiff, including interactions with the Louisiana Department of Health, which are publicly available and obtainable online. Finally, Nexion objects to this request on the basis that an identical request is currently subject to pending Motions to Compel [R. Docs. 43, 44, 53, and 54]. Nexion adopts and incorporates the objections and positions forwarded by either Meadowview or Nexion in all prior discovery responses and Memoranda in Opposition to Plaintiffs' Motions to Compel. [R. Doc. 53 and 54].

Plaintiffs limit these requests to the temporal period of October 1, 2021 through July 22, 2023. (R. Doc. 70-2 at 21). Further, Plaintiffs limit these requests to documents related to the first three enumerated categories: staffing, census, and complaints as to the provision of nursing care. (R. Doc. 70-2 at 21-22). These categories are within the scope of discovery as they are related to the issues in this case and temporally limited, as the Court has previously found. (R. Doc. 69 at 33-34).

Nexion Management argues the request is moot since its response references the documents produced by Nexion Health. (R. Doc. 76 at 16). Although these requests are identical to requests sent to Nexion Health, because Nexion Management and Nexion Health are different parties, the Court will require Nexion Management to respond independently to Nexion Health's responses. A party produces documents in its possession, custody, or control. *See* Fed. R. Civ. P. 34(a). Since Nexion Management and Nexion Health are different entities, different documents may be in Nexion Management's possession, custody, or control that Nexion Health did not produce.

The Court will order Nexion Management to produce responsive documents to Requests for Production Nos. 12-15 or specifically certify whether the prior referenced production(s) encompass all responsive documents within its possession, custody of control. If any information protected by HIPAA is contained in the responsive documents, Nexion Management shall redact this information prior to production. If the results are so numerous that the requested information is overburdensome and/or disproportionate to the needs of the case, Nexion Management shall confer with Plaintiffs and try to narrow the issues before seeking further Court intervention.

**D. Request for Expenses**

Plaintiffs argue Nexion Management's failure to produce the documents at issue was without substantial justification, entitling Plaintiffs to their reasonable expenses incurred in making this motion pursuant to Fed. R. Civ. P. 37(a)(5). (R. Doc. 70-2 at 23). The motion to compel has been granted in part. In addition, the motion advanced a meritless argument that the discovery responses and objections were untimely, despite an apparent agreement and supporting correspondence to the extended time of production.

Based on Nexion Management's objections and responses provided, and its arguments stated in its Opposition, Nexion Management's failure to respond was substantially justified and/or an award of expenses would be unjust. Fed. R. Civ. P. 37(a)(5)(A). Thus, each party is to bear its own costs.

**III. Motion to Expedite (R. Doc. 71)**

Plaintiffs filed their Motion to Expedite Consideration of the Motion to Compel Nexion Health Management, Inc.'s Complete Responses to Plaintiffs' Requests for Production of Documents on August 20, 2026, requesting the Court expedite its ruling on Plaintiffs' Motion to Compel. (R. Doc. 71). This Order renders the Motion to Expedite moot, and the Motion to Expedite is therefore denied as such.

**IV. Conclusion**

For the foregoing reasons,

**IT IS ORDERED** that Plaintiffs' Motion to Compel Nexion Health Management, Inc.'s Complete Responses to Plaintiffs' Requests for Production of Documents (R. Doc. 70) is **GRANTED** as detailed above. Nexion Management shall provide complete responses to Plaintiffs' First Request for Production of Documents, Requests for Production Nos. 1, 3-11 and

Plaintiffs' Notice of 30(b)(6) Deposition, Requests for Production Nos. 12-15 as provided in the body of this Order, within **14 days** of the date of this Order or as otherwise agreed upon by the parties.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Expedite Consideration of Motion to Compel Nexion Health Management, Inc.'s Complete Responses to Plaintiffs' Requests for Production of Documents (R. Doc. 71) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the parties are to bear their own costs.

Signed in Baton Rouge, Louisiana, on November 10, 2026

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**