**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MELVIN ANDREWS, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-560-JWD-RLB** |
| **NEXION HEALTH MANAGEMENT, INC., ET AL.** | |

**ORDER**

Before the Court is Plaintiffs' Motion for Contempt and Sanctions for Defendant Meadowview's Violation of the Court's Discovery Order (R. Doc. 69) as to Request for Production No. 11 ("Motion for Contempt"). (R. Doc. 77). The Motion for Contempt is opposed. (R. Doc. 79). Plaintiff has been granted leave to file a Reply (R. Doc. 91), which the Court has considered.

Also before the Court is Plaintiffs' Motion to Further Extend Deadline for Production of Staffing Expert Report Pending Defendant Meadowview's Compliance with the Court's Discovery Order (R. Doc. 69) ("Motion to Extend"). (R. Doc. 78). The Motion to Extend is opposed. (R. Doc. 80). Plaintiff has been granted leave to file a Reply (R. Doc. 92), which the Court has considered.

## I. Background

On or about May 30, 2024, Melvin Andrews, Monique King, Felix Rice, Jr., and Patricia Rice ("Plaintiffs"), as the surviving children of the deceased, Felix Rice, initiated this action by filing a Petition for Damages in State Court, naming Nexion Health Management, Inc. ("Nexion Management") and Nexion Health at Minden, Inc. d/b/a Meadowview Health & Rehab Center ("Nexion Health") (collectively, "Defendants") as defendants in an action raising an

administrative negligence claim against Nexion Management and an intentional fraud claim against Defendants. (R. Doc. 1-1).

In the Petition for Damages, Plaintiffs allege that Mr. Rice was a nursing home resident at the Meadowview Health & Rehab Center ("Meadowview") from February 2020 until his death on July 28, 2023. (R. Doc. 1-1 at 6). While at Meadowview, Mr. Rice allegedly suffered injuries and indignities, including, but not limited to, avoidable pressure injuries, due to the lack of a sufficient amount of nursing service personnel at Meadowview. (R. Doc. 1-1 at 6.) Plaintiffs allege that the injuries Mr. Rice developed while a resident at Meadowview hastened his demise and caused or substantially contributed to his death. (R. Doc. 1-1 at 7).

The Defendants removed the action on July 11, 2024, asserting this Court can properly exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332. (R. Doc. 1). Defendants then filed a motion to dismiss. (R. Doc. 4). In support of their motion to dismiss, Defendants argued, in part, that Plaintiffs' claims were premature as the case had not yet been submitted to a medical review panel in accordance with the Louisiana Medical Malpractice Act ("LMMA"). (R. Doc. 4-1 at 4). The Court denied the motion to dismiss as to the administrative negligence claim on the grounds that Nexion Management was not a qualified healthcare provider at the time Mr. Rice's stay at Meadowview began. (R. Doc. 23 at 6-7). Additionally, the Court denied the motion to dismiss as to the fraud claims on the grounds that Plaintiffs' fraud claims fall under the intentional tort exception to the LMMA. (R. Doc. 23 at 10).

On September 23, 2024, the Court set the initial deadline for expert witness reports for Plaintiffs on December 1, 2025, and for Defendants on January 5, 2026. (R. Doc. 18). On October 16, 2025, Plaintiffs filed their First Supplemental and Amended Complaint. (R. Doc. 32). Defendants filed their Answer on October 30, 2025. (R. Doc. 34). The Court granted

Plaintiffs' Motion to Amend Scheduling Order (R. Doc. 33) on November 12, 2026, ordering the parties to file a Joint Proposed Scheduling Order setting forth appropriate discovery deadlines. (R. Doc. 36). On November 26, 2025, the Court implemented the parties' Joint Scheduling Order, setting the deadline of July 1, 2026 for Plaintiffs' Expert Reports and August 3, 2026 for Defendants' Expert Reports. (R. Doc. 41).

Plaintiffs filed two Motions to Compel on March 17, 2026, and March 18, 2026, respectively, against Nexion Health, seeking supplemental responses to their requests for admissions, interrogatories, and requests for production. (R. Docs. 43 and 44). On May 28, 2026, the parties requested to amend the Scheduling Order (R. Doc. 55), which the Court granted on June 3, 2026, extending, among other deadlines, Plaintiffs' deadline to provide expert reports to July 15, 2026, and Defendants' deadline to August 14, 2026. (R. Doc. 56).

On July 6, 2026, the parties again jointly requested the Court amend the Scheduling Order, but solely for the deadline to provide expert reports. (R. Doc. 57). The Court granted the motion, extending Plaintiffs' deadline to provide expert reports to July 27, 2026 and Defendants' deadline to August 24, 2026. (R. Doc. 58). On July 27, 2026, Plaintiffs filed a Motion to Extend or Stay Deadline for Staffing Reports until after Court's Determination of the Motions to Compel. (R. Doc. 67). The Court granted the Motion on August 12, 2026, ordering Plaintiffs to produce the staffing expert report within 30 days of the Court's ordered deadline for Nexion Health to produce supplemental responses to Plaintiffs' Motions to Compel and Defendants to produce rebuttal staffing expert report within 30 days of the Court's ordered deadline for Plaintiffs to produce their staffing report. (R. Doc. 68).

Also on August 12, 2026, the Court granted the Motions to Compel in part and denied the Motions to Compel in part, requiring Nexion Health to provide the relevant staffing reports. (R.

Doc. 69). The Court ordered Nexion Health to provide supplemental responses within 14 days of the date of the order. However, Nexion Health filed a Motion to Continue Deadline to Comply with the Court's August 12, 2026 Order (R. Doc. 72), which the Court granted, extending the deadline for 14 additional days or through and including September 9, 2026. (R. Doc. 75).

Plaintiffs filed the instant Motion for Contempt on September 22, 2026. (R. Doc. 77). Plaintiffs assert that Nexion Health failed to comply with the Court's August 12, 2026 Order by (1) failing to produce the Punch Detail data responsive to Request for Production No. 11 in its native format, instead providing "static, flattened PDF documents" that are not "machine-readable;" (2) failing to produce Payroll Audit Logs responsive to Request for Production No. 11; and (3) failing to timely produce the CASPER 1702D Individual Staffing Report, instead producing an equivalent of the form twenty-five days after the deadline. (R. Doc. 77-1).

Nexion Health filed its Opposition on October 13, 2026, arguing that the instant Motion for Contempt is a "delay tactic used as an attempt to obtain an extension on Plaintiffs' expert report deadline." (R. Doc. 79 at 2). Nexion Health asserts that (1) it complied with the Court's August 12, 2026 Order by producing the Meadowview Punch Detail, PBJ Daily Staffing, and Missed Punch forms responsive to Request for Production No. 11 in PDF format as the Order did not require Nexion Health produce the documents in excel format; (2) Meadowview's internal document storage system "contains no documents titled 'Payroll Audit Logs' for the time period of Mr. Rice's residency," so Nexion Health has produced all documents in its possession responsive to Request for Production No. 11; and (3) Nexion Health timely produced the requested individual staffing data equivalent to the requested CASPER 1702D Individual Staffing Report on August 26, 2026. (R. Doc. 79).

Plaintiffs also filed the instant Motion to Extend on September 22, 2026, requesting the Court again extend Plaintiffs' deadline to file its staffing expert report. (R. Doc. 78). Plaintiffs argue they were unable to meet the current deadline due to Nexion Health's failure to provide the relevant staffing data in accordance with the Court's August 12, 2026 Order. (R. Doc. 78-1 at 6). Plaintiffs request the Court order Plaintiffs to produce the relevant expert staffing report "within thirty days after [Nexion Health] completes its production of (i) its Punch Detail data in its native Microsoft Excel (.xlsx) or CSV format (with metadata intact and without watermarking), and (ii) its Payroll Audit Logs in the same format." (R. Doc. 78-1 at 8). Plaintiffs assert that Nexion Health should be "directed to file a notice in the record, within three days of completing that production, certifying the date on which it was completed." (R. Doc. 78-1 at 9).

Nexion Health filed its Opposition on October 13, 2026. (R. Doc. 80). Nexion Health argues it exceeded compliance with the Court's August 12, 2026 Order, as it produced the Punch Detail data Plaintiffs request and does not have documents titled "Payroll Audit Logs" in its internal document storage system. (R. Doc. 80 at 1-2). Thus, Nexion Health asserts that Plaintiffs have not been diligent in meeting the current deadline, and no good cause exists for a further extension. (R. Doc. 80 at 2-3). In the alternative, Nexion Health seeks a comparable thirty-day extension. (R. Doc. 80 at 3).

## II. Motion for Contempt (R. Doc. 77)

### A. Legal Standards

"A movant in a civil contempt proceeding bears the burden of establishing by clear and convincing evidence 1) that a court order was in effect, 2) that the order required certain conduct by the respondent, and 3) that the respondent failed to comply with the court's order." *Martin v. Trinity Indus., Inc.*, 959 F.2d 45, 47 (5th Cir. 1992).

Rule 37 of the Federal Rules of Civil Procedure provides for the imposition of sanctions against a party who fails to obey an order to provide or permit discovery. Fed. R. Civ. P. 37(b)(2)(A). Appropriate sanctions include the following:

> **(i)** directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> **(ii)** prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> **(iii)** striking pleadings in whole or in part;
> **(iv)** staying further proceedings until the order is obeyed;
> **(v)** dismissing the action or proceeding in whole or in part;
> **(vi)** rendering a default judgment against the disobedient party; or
> **(vii)** treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii). Instead of or in addition to these permitted sanctions, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C); *see also* Fed. R. Civ. P. 37(d)(1)(A)(ii) (providing that the court may order sanctions if "a party, after being served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.").

An award of severe sanctions under Rule 37 (such as an award of default judgment) is only appropriate where a lesser sanction would not substantially achieve the desired deterrent effect. *United States v. $49,000 Currency*, 330 F.3d 371, 376 (5th Cir. 2003). Apart from the Federal Rules of Civil Procedure, "[f]ederal courts have the inherent power to assess sanctions under certain circumstances," such as "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, or has defiled the 'very temple of justice.'" *Matter of Dallas Roadster, Limited*, 846 F.3d 112, 134 (5th Cir. 2017) (citing *Matta v. May*, 118 F.3d 410, 416 (5th Cir. 1997)) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991)).

### B. Analysis

In the Court's August 12, 2026 Order, in response to Request for Production No. 7, the Court ordered Nexion Health to produce "any 'Daily Staffing Report,' specifically the 1702D Individual Staffing Report and/or Daily MDS Census Daily Report completed by Meadowview during Mr. Rice's residency at Meadowview." (R. Doc. 69 at 26). Further, in response to Request for Production No. 11, the Order states: "Since the records for all nursing service personnel is relevant to Plaintiffs' administrative negligence claim, the Court will order Nexion Health to produce its Punch Detail Edit forms, Payroll Audit Logs, and Timecard Correction forms for all nursing service personnel for the time period of Mr. Rice's residency." (R. Doc. 69 at 28). Plaintiffs request the Court find Nexion Health in contempt of court for failure to comply with the above requirements of the August 12, 2026 Order. Further, Plaintiffs seek sanctions against Nexion Health for this failure.

#### i. Punch Detail Data

Pursuant to Rule 34(b)(2)(E), "[a] party must produce documents [or electronically stored information] as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(E)(i). When a request does not specify a form for producing electronically stored information, "a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonable usable form or forms." Fed. R. Civ. P. 34(b)(2)(E)(ii). "A party need not produce the same electronically stored information in more than one form." Fed. R. Civ. P. 34(b)(2)(E)(iii).

Plaintiffs assert that instead of producing the Punch Detail data responsive to Request for Production No. 11 in its native format, Nexion Health provided "static, flattened PDF documents" that are not "machine-readable." (R. Doc. 77-1 at 11). Plaintiffs' expert, Valerie

Gray, "requires this data to conduct her staffing analysis," and the analysis cannot be completed with "a picture of a spreadsheet." (R. Doc. 77-1 at 11). Plaintiffs argue Meadowview "does not maintain its punch detail data as page images or in the PDF form produced," instead maintaining the data in "spreadsheet form." (R. Doc. 77-1 at 12).

Nexion Health argues it has complied with the Court's August 12, 2026 Order as the order does not require the production to be in a specific format. Nexion Health asserts it "provided the documents in [its] possession and ha[s] complied with the Court's order to the tune of 5,133 additional documents." (R. Doc. 79 at 4). Upon Plaintiffs' request, Nexion Health provided the PBJ Individual Daily Staffing Reports in excel format, "despite there being no obligation to do so under the Court's Order." (R. Doc. 79 at 4-5).

The Court agrees with Plaintiffs. "A file that is converted to another format solely for production, or for which the application metadata has been scrubbed or altered, is not produced as kept in the ordinary course of business." *McKinney/Pearl Rest. Partners, L.P. v. Metro. Life Ins. Co.*, 322 F.R.D. 235, 250 (N.D. Tex. 2016). Further,

> Preservation of format is important because conversion from native format may eliminate or degrade search and other information processing features (e.g., copy, paste, and sort). Such features may allow a user to identify relevant information in a document much more quickly, which would significantly enhance the value of a document to a business. Allowing a party to defeat this functionality would undermine the purpose of producing information as it is kept in the usual course of business.

*Id*. Plaintiffs argue due to the format provided by Nexion Health, the data "cannot be sorted, filtered, totaled, or subjected to any calculation whatsoever." If the data was "re-keyed by hand" into a format amenable to calculations, there is a high potential for transcript error, and the process would be a "substantial and entirely unnecessary expense" to Plaintiffs. (R. Doc. 77-1 at 11). Further, Plaintiffs assert that Nexion Health intentionally placed a watermark across the

center of each page, which "further degrades the data." (R. Doc. 77-1 at 11). The requirement to produce electronically stored information in a form ordinarily maintained or in a reasonable usable form is a requirement of discovery, and the Court's Order need not specifically state the requirement for it to apply to Nexion Health.

Further, Rule 34 allows a request for production to "specify the form or forms in which electronically stored information is to be produced." Fed. R. Civ. P. 34(b)(1)(C). Plaintiffs' Instructions to the Requests for Production state: "It is requested that all documents be produced in the form in which they are found in their normal filing place, including the document file folder or other bindings in which they are regularly maintained." (R. Doc. 49-1 at 3).[1] Nexion Health did not raise an objection to this requested form and has not stated that PDF format is the "form in which [the documents] are found in their normal filing place." Therefore, PDF format was the incorrect form in which to produce the requested documents. *See Miller v. Zodiak Transportation Logistics & Sols., LLC*, No. CV 25-180-RLB, 2026 WL 881917, at *6 (M.D. La. Mar. 31, 2026); *see also Lamar Advert. Co. v. Zurich Am. Ins. Co.*, No. CV 18-1060-JWD-RLB, 2020 WL 448243, at *4 (M.D. La. Jan. 28, 2020).

Nexion Health has made no argument as to the burdensome nature of providing the requested documents in their native formats, and any argument it could make is contradicted by Nexion Health providing the PBJ Individual Daily Staffing Reports in excel format. Presumably, producing the Punch Detail data in excel format is no more difficult than producing the PBJ Individual Daily Staffing Reports in excel format, which Nexion Health claims to have voluntarily done. Further, the Court finds that any burden of reproducing the documents in excel

[1] "[A] Rule 34 request for production of 'documents' should be understood to encompass, and the response should include, electronically stored information unless discovery in the action has clearly distinguished between electronically stored information and 'documents.'" Fed. R. Civ. P. 34(a), Advisory Committee Notes to 2006 Amendment.

format is of Nexion Health's own making because if it initially complied with Plaintiffs' instructions or the Federal Rules of Civil Procedure, this dispute would not occur. *See Express Lien, Inc. v. Nat'l Ass'n of Credit Mgmt., Inc.*, No. CV 13-3323, 2014 WL 12767814, at *3 (E.D. La. Mar. 20, 2014).[2] Nexion Health has provided no explanation for providing the documents in PDF format, nor has it argued that the native excel format Plaintiffs seek does not exist. Thus, the Court will order Nexion Health to produce that Punch Detail data in its native excel format to Plaintiffs.

**ii. Payroll Audit Logs**

Nexion Health asserts that "its internal document storage system contains no documents titled 'Payroll Audit Logs' for the time period of Mr. Rice's residency." (R. Doc. 79 at 5). Nexion Health "concedes that corporate representative Donna Boudreaux testified very briefly during her deposition on February 10, 2026, that Meadowview maintained payroll audit logs; however, after a thorough search of Meadowview's document database, it has confirmed to defense counsel that no such logs exist pertaining to the time period of Felix Rice's residency at Meadowview." (R. Doc. 79 at 5).

To the extent no Payroll Audit Logs exist, Nexion Health has complied with the Court's Order in this respect. *See BRH Consultants, Inc. v. Agent All. Ins. Co.*, No. 23-489, 2024 WL

[2] *See, e.g., In re Porsche Cars N. Am., Inc. Plastic Coolant Tubes Products Liab. Litig.*, 279 F.R.D. 447, 450 (S.D. Ohio 2012) (granting plaintiffs' request for native format "absent a showing by [defendant] that such a production would be unduly burdensome); *Romero v. Allstate Ins. Co.*, 271 F.R.D. 96, 107 (E.D. Pa. 2010) ("the Court finds that Plaintiffs are entitled to have documents produced in native format with their associated metadata" where defendants do not allege that they will be financially burdened or prejudicially harmed by the production of metadata); *Camesi v. Univ. of Pittsburgh Med. Ctr.*, No. Civ. A. 09–85J, 2010 WL 2104639, at *7 (W.D. Pa. May 24, 2010) (ordering defendants to produce ESI in its native format "absent a clear showing of substantial hardship and/or expense"); *In re Netbank, Inc. Secs. Litig.*, 259 F.R.D. 656, 681–82 (N.D. Ga. 2009) ("Although the Defendants have listed a number of hypothetical problems with providing documents in native format, they have not asserted these to be actual problems arising in the present case ... [T]he court is confident that the precision of record citations can be appropriately dealt with should [plaintiff] desire to use any of the documents at issue as exhibits or evidence. ... The Defendants having given no good reason why they should not produce [plaintiff's] requested documents in native format, the Motion to Compel production of ESI information in native format is granted.").

5398594, at *3 (M.D. La. Aug. 20, 2024) ("This Court will not compel a party to produce documents that are not in its 'possession, custody, or control.'") (quoting Fed. R. Civ. P. 34(a)(1)); *see* also *Payne v. Forest River, Inc.*, No. 13-679, 2015 WL 1912851, at *4 (M.D. La. Apr. 22, 2015) ("The court cannot order the production of documents that no longer exist or, despite a diligent search, cannot be found in the possession, custody, or control of a party."); *Pierce v. Town of Golden Meadow*, No. 25-2178, 2026 WL 1328213, at *3 (E.D. La., May 13, 2026) ("The Court cannot compel a party to produce documents that do not exist.").

However, to the extent documents exist that are not entitled "Payroll Audit Logs" but contain the information Plaintiffs seek, Nexion Health has not complied with the Order. Nexion Health must provide documents containing the information Plaintiffs seek in the "Payroll Audit Logs," even if the document is not entitled as a "Payroll Audit Log." To the extent Plaintiff is using the incorrect title, it is due to the testimony of Nexion's corporate representative. Punch detail data shows when the nursing personnel clocked in and out, and according to Plaintiffs, "Payroll Audit Logs show whether, when, by whom, and at whose direction that punch [detail] data was later changed." (R. Doc. 77-1 at 5). Plaintiffs state, "[t]he audit logs are what permit Plaintiffs, their expert, and ultimately the trier of fact to test whether the staffing hours Meadowview recorded are the staffing hours Meadowview actually delivered." (R. Doc. 77-1 at 16). The Court orders Nexion Health to produce these documents and any other documents referred to by Ms. Boudreaux as payroll audit logs, if they exist, in their native format.

**iii. CASPER 1702D Individual Staffing Report**

Plaintiffs assert that Nexion Health failed to timely produce the CASPER 1702D Individual Staffing Report, and instead produced an equivalent of the form twenty-five days after the deadline to produce the document on September 21, 2016. (R. Doc. 77-1 at 17). Initially, the

Court ordered Nexion Health to provide supplemental responses within 14 days of the date of the order, making supplemental responses due on August 26, 2026. However, Nexion Health filed a Motion to Continue Deadline to Comply with the Court's August 12, 2026 Order (R. Doc. 72), which the Court granted, extending the deadline for 14 additional days or through and including September 9, 2026. (R. Doc. 75).

Regardless of the extension, Nexion Health contends it produced the equivalent of the CASPER 1702D Individual Staffing Report on August 26, 2026. (R. Doc. 79 at 5). Nexion Health specifically refers Plaintiffs to documents marked with bates stamp range NEXION-RICE 012058-012077 and NEXION-RICE 013787-016096. (R. Doc. 79 at 5-6). Nexion Health additionally provided the Court with a copy of the August 26, 2026 email sending document production to Plaintiffs' counsel, including a screenshot of the documents provided in response to Request for Production No. 7. (R. Doc. 79-1). The Court agrees Nexion Health has complied with the Court's August 12, 2026 Order regarding supplementing Request for Production No. 7.

**C. Sanctions**

"Federal district courts have the inherent power, as well as the authority expressly granted under the Federal Rules of Civil Procedure, to impose sanctions where warranted." *Reyes v. Julia Place Condominiums Homeowners Association, Inc.*, Civil Action No. 12-2043, 2016 WL 5871278, at * 2 (E.D. La. Oct. 7, 2016). While a district court has "broad discretion" in fashioning remedies suited to the misconduct, usually a finding of bad faith or willful misconduct is necessary to support the severest remedies set forth in Rule 37(b)(2)(A). *Falstaff*

*Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 784 (9th Cir. 1983). "Lesser sanctions do not require a finding of willfulness." *Id.*

Nexion Health failed to comply with the Court's August 26, 2026 Order by failing to provide the Punch Detail data to Plaintiffs in its native format. However, given the record, the Court does not find it appropriate to issue sanctions nor to find Nexion Health in contempt of court at this time. The Court will allow Nexion Health the opportunity to provide the Punch Detail data in its native format within seven days of this Order. Appropriate sanctions will be issued for any additional failure to comply with the Court's orders.

## III. Motion to Extend (R. Doc. 78).

### A. Legal Standards

Rule 16(b) provides, in pertinent part, that "[a] schedule may be modified only for good cause with the judge's consent." Fed. R. Civ. P. 16(b)(4). The party seeking the modification must "show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Marathon Financial Ins., Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009). The same "good cause" standard governs motions to extend the deadline for completing discovery. *See L & C Consultants v. Ash Petroleum*, No. 3–07–CV–1904–D, 2008 WL 3884366 at *1 (N.D. Tex. Aug. 12, 2008).

A court considers four factors when deciding whether to modify a scheduling order: "(1) the explanation for failure to timely [meet the deadlines]; (2) the importance of the [request to modify the deadlines]; (3) potential prejudice in allowing the [modification to the deadline]; and (4) the availability of a continuance to cure such prejudice." *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003). A trial court has "broad discretion to preserve the integrity and purpose of the pretrial order, which, toward the end of

court efficiency, is to expedite pretrial procedure." *Id*. at 535 (citations omitted). Stated another way, a district court has the authority to control its docket and is not required to give litigants who have not been diligent "a second chance to develop their case." *Reliance Ins. Co. v. Louisiana Land & Expl. Co.*, 110 F.3d 253, 258 (5th Cir. 1997) (citation omitted).

**B. Analysis**

Plaintiffs' failure to meet the deadline to produce their staffing expert report is again due to not receiving the documents required for the staffing expert to render her opinion. Plaintiffs' deadline to produce the staffing expert report passed while the instant Motion for Sanctions was pending. In response to the instant Motion for Sanctions, the Court is ordering Nexion Health to produce the Punch Detail data in its native format and strongly urging Nexion Health to produce any documents containing the information Plaintiffs seek in requesting "Payroll Audit Logs." Again, Plaintiffs were not at fault for missing the expert report deadline; the Court ordered Nexion Health to produce the necessary documents, which Nexion Health failed to do.

Plaintiffs' staffing expert contends the Punch Detail data and Payroll Audit Logs are necessary to form her opinion and therefore create her report. Therefore, without modification of the Scheduling Order, Plaintiffs are unable to produce an expert report for their staffing expert, which will be valuable to their claims. Defendants are not prejudiced by extension of Plaintiffs' deadline to produce the staffing expert report because Defendants' deadline to produce their staffing expert report will be extended as well. Plaintiffs request that any such responsive staffing expert be available for deposition within 14 days of their report, which will not prejudice Defendants. (R. Doc. 78-1 at 8). As such, the Court believes Plaintiffs have demonstrated good cause for an extension to produce its staffing expert report.

Plaintiffs request the Court order that Plaintiffs "produce Ms. Gray's report within thirty days after [Nexion Health] completes its production of (i) its Punch Detail data in its native Microsoft Excel (.xlsx) or CSV format (with metadata intact and without watermarking), and (ii) its Payroll Audit Logs in the same format." (R. Doc. 78-1 at 8). However, since Nexion Health has stated that no documents entitled "Payroll Audit Logs" exist in its internal database, the Court cannot compel Nexion Health to produce documents that do not exist. Therefore, the Court will order Plaintiffs to produce their staffing expert report within 21 days of the Court's ordered deadline for Nexion Health to produce the Punch Detail data in its native format. Likewise, Defendants will be ordered to produce their staffing expert report within 21 days of the Court's ordered deadline for Plaintiffs to produce their staffing expert report. Both Plaintiffs' staffing expert and Defendants' staffing expert are to be available for deposition within 14 days of their respective reports.

## IV. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Plaintiffs' Motion for Contempt and Sanctions for Defendant Meadowview's Violation of the Court's Discovery Order as to Request for Production No. 11 (R. Doc. 77) is **GRANTED IN PART** and **DENIED IN PART** as detailed above. Nexion Health shall produce the Punch Detail data in its native Microsoft Excel (.xlsx) or CSV format (with metadata intact and without watermarking) within **seven (7) days** of the data of this Order or as agreed upon by the parties.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Further Extend Deadline for Production of Staffing Expert's Report Pending Defendant Meadowview's Compliance with the Court's Discovery Order (R. Doc. 78) is **GRANTED IN PART** and **DENIED IN PART** as detailed above. Plaintiffs shall produce their staffing expert report within **twenty one (21) days**

of the Court's ordered deadline for Nexion Health to produce the Punch Detail data in its native Microsoft Excel (.xlsx) or CSV format (with metadata intact and without watermarking).

**IT IS FURTHER ORDERED** that Defendants shall produce their rebuttal staffing expert report within **twenty one (21) days** of the Court's ordered deadline for Plaintiffs to produce their staffing expert report.

**IT IS FURTHER ORDERED** that the parties' staffing experts are to be available for deposition within 14 days of their respective reports.

**IT IS FURTHER ORDERED** that the parties are to bear their own costs.

**IT IS FURTHER ORDERED** that, to the extent this order bears on the position set forth in any pending motion in limine, the moving party shall promptly inform the Court as such with an appropriate filing.

Signed in Baton Rouge, Louisiana, on November 10, 2026

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**